**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **SIMPLISAFE, INC.,** | |
| **Plaintiff,** | |
| **v.** | **Civil Action No.: 1:20-cv-12288** |
| **SKYBELL TECHNOLOGIES, INC., SB IP HOLDINGS, LLC, AND EYETALK365, LLC,** | **JURY TRIAL DEMANDED** |
| **Defendants.** | |

---

**COMPLAINT FOR DECLARATORY JUDGMENT**

---

Plaintiff SimpliSafe, Inc. for its complaint against Defendants SkyBell Technologies, Inc., SB IP Holdings, LLC, and Eyetalk365, LLC (collectively, "Defendants"), hereby alleges as follows:

**<u>NATURE OF THE ACTION</u>**

1.      Pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, this is an action for declaratory judgment of non-infringement and invalidity of United States Patent Nos. 10,200,660 ("the '660 patent"), 10,097,796 ("the '796 patent"), 10,097,797 ("the '797 patent"), 9,485,478 ("the '478 patent"), 9,432,638 ("the '638 patent"), 10,523,906 ("the '906 patent"), and 10,674,120 ("the '120 patent") (collectively, the "asserted patents," attached hereto as Exs. A-G), and for such other relief as the Court deems just and proper.

## PARTIES

2.     Plaintiff SimpliSafe, Inc. ("SimpliSafe") is a Delaware corporation with its principal place of business at 294 Washington Street, 9th Floor, Boston, Massachusetts 02108. SimpliSafe was founded in 2006 by then-Harvard Business School students, Chad and Eleanor Laurans, after several friends in the Cambridge area experienced break-ins but could not find a security company that was designed to help renters.  Since 2006, SimpliSafe has been providing premier security system services.  In July 2020, CNET named SimpliSafe the best "do-it-yourself" alarm system, and in December 2020 U.S. News & World Report named SimpliSafe's Home Security #1 in the categories of "Best Home Security Systems of 2020," "Best DIY Home Security Systems of 2020," "Best Self-Monitored Home Security Systems of 2020," and "Best Wireless Home Security System 2020."  SimpliSafe has approximately 800 employees.

3.     Upon information and belief, Defendant SkyBell Technologies Inc. ("SkyBell") is a corporation organized and existing under the laws of the State of Nevada, having a principal place of business at 1 Jenner #100, Irvine, California 92618.

4.     Upon information and belief, Defendant SB IP Holdings, LLC ("SB IP") is a Delaware limited liability company formed in 2019.  Upon information and belief, SkyBell is the sole member of SB IP, and SkyBell wholly owns SB IP.

5.     Upon information and belief, Eyetalk365, LLC ("Eyetalk365") is a limited liability corporation organized and existing under the laws of the state of North Carolina, having a principal place of business at 12213 Potts Plantation Circle, Cornelius, North Carolina 28031.

## JURISDICTION AND VENUE

6.     This action arises under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*

7.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, 2202, and the patent laws of the United States, including 35 U.S.C. § 271 *et seq.*

8.     The Court has personal jurisdiction over all Defendants by virtue of them purposefully directing their activities at SimpliSafe, a resident of Massachusetts, by sending a letter to SimpliSafe in Massachusetts on December 16, 2020, accusing SimpliSafe's Video Doorbell Pro and SimpliCam of infringing the asserted patents.  *See* Ex. H.  SimpliSafe's declaratory judgment claims arise out of and relate to this letter.

9.     The Court also has personal jurisdiction over all Defendants by virtue of them purposefully directing their activities at SimpliSafe, a resident of Massachusetts, by filing a request with the International Trade Commission ("ITC") seeking the commencement of an investigation pursuant to Section 337 of the Tariff Act of 1930, as amended, concerning SimpliSafe's Video Doorbell Pro and SimpliCam's alleged infringement of the asserted patents on December 18, 2020.  *See* Ex. I (the "ITC Complaint").  SimpliSafe's declaratory judgment claims arise out of and relate to this ITC Complaint.

10.     Defendants have undertaken a licensing program, with both threats of litigation and the filings of litigation, directed to SimpliSafe for conducting business activity in Massachusetts.

11.     The Court's exercise of jurisdiction over all Defendants will not offend traditional notions of fair play and substantial justice.  Upon information and belief, litigating in this jurisdiction will not be unduly burdensome for Defendants.

12.     Venue is proper in this District under 28 U.S.C. §§ 1391(b) & (c) because Defendants are subject to personal jurisdiction here.

## EXISTENCE OF AN ACTUAL CONTROVERSY

13.     There is an actual controversy within the jurisdiction of this Court under 28

U.S.C. §§ 2201 and 2202.

14.     SimpliSafe is an award-winning provider of home security products and services.

15.     Among the products manufactured and sold by SimpliSafe are the Video Doorbell

Pro doorbell and SimpliCam camera, which can be used with SimpliSafe's home security

systems.

16.     On December 16, 2020, Defendants sent SimpliSafe a letter accusing

SimpliSafe's Video Doorbell Pro and SimpliCam of directly and/or indirectly infringing the

asserted patents.  Ex. H.

17.     On December 18, 2020, Defendants filed the ITC Complaint accusing

SimpliSafe's Video Doorbell Pro and SimpliCam of directly and/or indirectly infringing the

asserted patents.  Ex. I.

## THE ASSERTED PATENTS AND THE "PRIORITY ART"

18.     The asserted patents are generally directed to video doorbells and IP cameras that

interface with software applications used on smartphones or other remote devices.  The alleged

inventions disclosed in the asserted patents purportedly allow users to stream live video and/or

audio from a doorway in real time or in a recorded state.  *See* Exs. A-G.

19.     The asserted patents purportedly share the same specification and relate back to

U.S. Provisional Patent Application No. 60/418,384 (the "'384 application"), filed on October

15, 2002.  Ex. I at 4.1.

20.     However, the asserted patents' chain of priority that relates back to the '384

application reveals a break in co-pendency, meaning there was a period of time during which

there was no pending patent application claiming priority to the '384 application. As a result, any patent applications filed after the break in co-pendency, including the asserted patents, are not entitled to claim any priority to patent applications filed before the break in co-pendency.

21. On August 4, 2014, the Patent Office mailed a "Notice to File Missing Parts of Nonprovisional Application" and set a two-month deadline in the only pending application claiming priority to the '384 application—U.S. Pat. App. 14/338,525 (the "'525 application")—to file a number of legal documents, pay a variety of fees, and provide application materials, such as drawings that comply with the law and Patent Office requirements. According to the Notice, the '525 application would be deemed abandoned if the required documents were not filed, and all required fees paid, by October 6, 2014. *See* Ex. J.

22. Upon information and belief, the patent applicant did not take the appropriate actions to revive the application. For example, the applicant did not submit the required fees and compliant patent drawings. *See* Ex. J.

23. On October 7, 2014, the '525 application was abandoned pursuant to at least 37 CFR § 1.135(a) and 35 U.S.C. § 111(a)(3). *See* Ex. J; *see also* 35 CFR § 1.137(b) (defining abandonment as the "due date for the reply" that the applicant failed to file).

24. After the '525 application went abandoned, the applicant filed U.S. Patent Application No. 14/670,044 (the "'044 application") on March 26, 2015. Although the '044 application purports to claim priority to the '525 application, this priority claim is improper for lack of co-pendency. The two applications were not pending at the same time because the '525 application was abandoned on October 7, 2014, before the March 26, 2015 filing of the '044 application, which is a requirement for a priority claim.

25.     In view of this break in co-pendency, the '384 application and all patents and patent applications that were published more than one year before March 26, 2015 qualify as prior art to all patents that issued from applications filed after the break.  *See* 35 U.S.C. §§ 102, 120; Manual of Patent Examining Procedure § 211.01(b).

26.     All of the asserted patents stem from patent applications filed after the break in co-pendency.

27.     Therefore, the following patents and patent applications qualify as prior art to the asserted patents pursuant to 35 U.S.C. §§ 102 and 120: U.S. Patent Application No. 13/453,100, U.S. Patent Application No. 11/929,464, U.S. Patent Application No. 11/618,615, U.S. Patent Application No. 10/682,185, the '384 application, U.S. Patent No. 8,164,614, U.S. Patent No. 8,154,581, and U.S. Patent No. 7,193,644 (collectively, "the Priority Art," attached hereto as Exs. K-N).

28.     The disclosures in the Priority Art, are nearly identical to the disclosures of the asserted patents.  *See* Exs. K-N.

29.     The asserted patents are invalid at least under 35 U.S.C. § 102 in view of the Priority Art.

<u>**COUNT ONE**</u>
<u>**DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '660 PATENT**</u>

30.     Paragraphs 1 through 29 are incorporated by reference as if fully stated herein.

31.     Defendants claim to own all rights, title, and interest in the '660 patent.

32.     In filing the ITC Complaint, Defendants accused SimpliSafe of "directly infring[ing] claim 9 of the '660 patent pursuant to 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, or both, by making, using, selling, offering for sale, selling, and/or importing the SimpliSafe [Video] Doorbell Camera" and "directly infring[ing] claims 13, 14, 16,

and 18 of the '660 patent pursuant to 35 U.S.C. § 271(a), either literally or by the doctrine of infringements, or both, by making, using, selling, offering for sale, selling, and/or importing the SimpliSafe SimpliCam." Ex. I at 5.67, 5.69.

33.     Defendants also accused SimpliSafe of "indirectly infring[ing] claim [9 of the '660 patent] . . . by instructing, directing, and/or enabling others, including its customers, purchasers, users and developers, alone or in combination, to use the SimpliSafe [Video] Doorbell Camera and/or perform all or some of the steps recited in claim 9 of the '660 patent, either literally or under the doctrine of equivalents, and by providing a material or apparatus for use in a patented process, which such material or apparatus is especially adapted for use in the infringement of the '660 patent and is not a stable article or commodity of commerce suitable for substantial non-infringing use" and of "indirectly infring[ing] claims 13, 14, 16, and 18 of the '660 patent by instructing, directing, and/or enabling others, including its customers, purchasers, users and developers, alone or in combination, to use the SimpliSafe SimpliCam and/or perform all or some of the steps recited in claims 13, 14, 16, and 18 of the '660 patent, either literally or under the doctrine of equivalents, and by providing a material or apparatus for use in a patented process, which such material or apparatus is especially adapted for use in the infringement of the '660 patent and is not a stable article or commodity of commerce suitable for substantial non-infringing use." *Id.*

34.     Contrary to Defendants' assertions in the ITC Complaint, the SimpliSafe Video Doorbell Camera does not infringe—directly or indirectly—claim 9 of the '660 patent, and the SimpliSafe SimpliCam does not infringe—directly or indirectly—claims 13, 14, 16, and 18 of the '660 patent.

35.     The SimpliSafe Video Doorbell Camera also does not perform substantially the same function, in substantially the way, to obtain substantially the same result as claim 9 of the '660 patent, and the SimpliSafe SimpliCam does not perform substantially the same function, in substantially the way, to obtain substantially the same result as claims 13, 14, 16, and 18 of the '660 patent.

36.     Absent a declaration that any asserted claims of the '660 patent are not infringed, Defendants will continue to wrongfully assert the '660 patent against SimpliSafe, thereby causing SimpliSafe irreparable harm and injury.

37.     An actual, substantial, and justiciable controversy of sufficient immediacy and reality exists between Defendants and SimpliSafe as to whether the claims of the '660 patent are infringed.  A judicial declaration is necessary and appropriate so that SimpliSafe may ascertain its rights regarding the '660 patent.

38.     Based on the foregoing, SimpliSafe hereby requests a declaration that the claims of the '660 patent are not infringed by the SimpliSafe Video Doorbell Camera and the SimpliSafe SimpliCam.

**COUNT TWO**
**DECLARATORY JUDGMENT OF INVALIDITY OF THE '660 PATENT**

39.     Paragraphs 1 through 38 are incorporated by reference as if fully stated herein.

40.     The '660 patent is invalid under the patent laws of the United States, 35 U.S.C. § 101 *et seq*.

41.     In particular, the claims of the '660 patent are invalid under 35 U.S.C. § 102 in view of the Priority Art.

42.     A judicial declaration that the '660 patent is invalid because it fails to satisfy the conditions for patentability specified in Title 35 of the United States Code is necessary and

appropriate at this time so that SimpliSafe can ascertain its rights and duties with respect to the SimpliSafe Video Doorbell Camera and the SimpliSafe SimpliCam, which Defendants accuse of infringing the '660 patent.

## COUNT THREE
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '796 PATENT

43.    Paragraphs 1 through 42 are incorporated by reference as if fully stated herein.

44.    Defendants claim to own all rights, title, and interest in the '796 patent.

45.    In filing the ITC Complaint, Defendants accused SimpliSafe of "directly infring[ing] claims 3 and 7 of the '796 patent pursuant to 35 U.S.C. § 271(a), either literally or by the doctrine of infringements, or both, by making, using, selling, offering for sale, selling, and/or importing the SimpliSafe [Video] Doorbell Camera."  Ex. I at 5.71.

46.    Defendants also accused SimpliSafe of "indirectly infring[ing] claims 3 and 7 of the '796 patent by instructing, directing, and/or enabling others, including its customers, purchasers, users and developers, alone or in combination, to use the SimpliSafe [Video] Doorbell Camera and/or perform all or some of the steps recited in claims 3 and 7 of the '796 patent, either literally or under the doctrine of equivalents, and by providing a material or apparatus for use in a patented process, which such material or apparatus is especially adapted for use in the infringement of the '796 patent and is not a stable article or commodity of commerce suitable for substantial non-infringing use."  *Id.*

47.    Contrary to Defendants' assertions in the ITC Complaint, the SimpliSafe Video Doorbell Pro does not infringe—directly or indirectly—claims 3 and 7 of the '796 patent.

48.    The SimpliSafe Video Doorbell Pro also does not perform substantially the same function, in substantially the way, to obtain substantially the same result as claims 3 and 7 of the '796 patent.

49.     Absent a declaration that any asserted claims of the '796 patent are not infringed, Defendants will continue to wrongfully assert the '796 patent against SimpliSafe, thereby causing SimpliSafe irreparable harm and injury.

50.     An actual, substantial, and justiciable controversy of sufficient immediacy and reality exists between Defendants and SimpliSafe as to whether the claims of the '796 patent are infringed.  A judicial declaration is necessary and appropriate so that SimpliSafe may ascertain its rights regarding the '796 patent.

51.     Based on the foregoing, SimpliSafe hereby requests a declaration that the claims of the '796 patent are not infringed by the SimpliSafe Video Doorbell Pro.

## COUNT FOUR
## DECLARATORY JUDGMENT OF INVALIDITY OF THE '796 PATENT

52.     Paragraphs 1 through 51 are incorporated by reference as if fully stated herein.

53.     The '796 patent is invalid under the patent laws of the United States, 35 U.S.C. § 101 *et seq*.

54.     In particular, the claims of the '796 patent are invalid under 35 U.S.C. § 102 in view of the Priority Art.

55.     A judicial declaration that the '796 patent is invalid because it fails to satisfy the conditions for patentability specified in Title 35 of the United States Code is necessary and appropriate at this time so that SimpliSafe can ascertain its rights and duties with respect to the SimpliSafe Video Doorbell Pro, which Defendants accuse of infringing the '796 patent.

## COUNT FIVE
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '797 PATENT

56.     Paragraphs 1 through 55 are incorporated by reference as if fully stated herein.

57.     Defendants claim to own all rights, title, and interest in the '797 patent.

58.     In filing the ITC Complaint, Defendants accused SimpliSafe of "directly infring[ing] claims 6, 8, and 9 of the '797 patent pursuant to 35 U.S.C. § 271(a), either literally or by the doctrine of infringements, or both, by making, using, selling, offering for sale, selling, and/or importing the SimpliSafe [Video] Doorbell Camera." Ex. I at 5.73.

59.     Defendants also accused SimpliSafe of "indirectly infring[ing] claims 6, 8, and 9 of the '797 patent by instructing, directing, and/or enabling others, including its customers, purchasers, users and developers, alone or in combination, to use the SimpliSafe [Video] Doorbell Camera and/or perform all or some of the steps recited in claims 6, 8, and 9 of the '797 patent, either literally or under the doctrine of equivalents, and by providing a material or apparatus for use in a patented process, which such material or apparatus is especially adapted for use in the infringement of the '797 patent and is not a stable article or commodity of commerce suitable for substantial non-infringing use." *Id.*

60.     Contrary to Defendants' assertions in the ITC Complaint, the SimpliSafe Video Doorbell Pro does not infringe—directly or indirectly—claims 6, 8, and 9 of the '797 patent.

61.     The SimpliSafe Video Doorbell Pro also does not perform substantially the same function, in substantially the way, to obtain substantially the same result as claims 6, 8, and 9 of the '797 patent.

62.     Absent a declaration that any asserted claims of the '797 patent are not infringed, Defendants will continue to wrongfully assert the '797 patent against SimpliSafe, thereby causing SimpliSafe irreparable harm and injury.

63.     An actual, substantial, and justiciable controversy of sufficient immediacy and reality exists between Defendants and SimpliSafe as to whether the claims of the '797 patent are

infringed.  A judicial declaration is necessary and appropriate so that SimpliSafe may ascertain its rights regarding the '797 patent.

64.     Based on the foregoing, SimpliSafe hereby requests a declaration that the claims of the '797 patent are not infringed by the SimpliSafe Video Doorbell Pro.

**COUNT SIX**
**DECLARATORY JUDGMENT OF INVALIDITY OF THE '797 PATENT**

65.     Paragraphs 1 through 64 are incorporated by reference as if fully stated herein.

66.     The '797 patent is invalid under the patent laws of the United States, 35 U.S.C. § 101 *et seq*.

67.     In particular, the claims of the '797 patent are invalid under 35 U.S.C. § 102 in view of the Priority Art.

68.     A judicial declaration that the '797 patent is invalid because it fails to satisfy the conditions for patentability specified in Title 35 of the United States Code is necessary and appropriate at this time so that SimpliSafe can ascertain its rights and duties with respect to the SimpliSafe Video Doorbell Pro, which Defendants accuse of infringing the '797 patent.

**COUNT SEVEN**
**DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '478 PATENT**

69.     Paragraphs 1 through 68 are incorporated by reference as if fully stated herein.

70.     Defendants claim to own all rights, title, and interest in the '478 patent.

71.     In filing the ITC Complaint, Defendants accused SimpliSafe of "directly infring[ing] claims 9, 10, 11, and 17 of the '478 patent pursuant to 35 U.S.C. § 271(a), either literally or by the doctrine of infringements, or both, by making, using, selling, offering for sale, selling, and/or importing the SimpliSafe [Video] Doorbell Camera."  Ex. I at 5.75.

72.     Defendants also accused SimpliSafe of "indirectly infring[ing] claims 9, 10, 11, and 17 of the '478 patent by instructing, directing, and/or enabling others, including its customers, purchasers, users and developers, alone or in combination, to use the SimpliSafe [Video] Doorbell Camera and/or perform all or some of the steps recited in claims 9, 10, 11, and 17 of the '478 patent, either literally or under the doctrine of equivalents, and by providing a material or apparatus for use in a patented process, which such material or apparatus is especially adapted for use in the infringement of the '478 patent and is not a stable article or commodity of commerce suitable for substantial non-infringing use." *Id.*

73.     Contrary to Defendants' assertions in the ITC Complaint, the SimpliSafe Video Doorbell Pro does not infringe—directly or indirectly—claims 9, 10, 11, and 17 of the '478 patent.

74.     The SimpliSafe Video Doorbell Pro also does not perform substantially the same function, in substantially the way, to obtain substantially the same result as claims 9, 10, 11, and 17 of the '478 patent.

75.     Absent a declaration that any asserted claims of the '478 patent are not infringed, Defendants will continue to wrongfully assert the '478 patent against SimpliSafe, thereby causing SimpliSafe irreparable harm and injury.

76.     An actual, substantial, and justiciable controversy of sufficient immediacy and reality exists between Defendants and SimpliSafe as to whether the claims of the '478 patent are infringed.  A judicial declaration is necessary and appropriate so that SimpliSafe may ascertain its rights regarding the '478 patent.

77.     Based on the foregoing, SimpliSafe hereby requests a declaration that the claims of the '478 patent are not infringed by the SimpliSafe Video Doorbell Pro.

## COUNT EIGHT
## DECLARATORY JUDGMENT OF INVALIDITY OF THE '478 PATENT

78.     Paragraphs 1 through 77 are incorporated by reference as if fully stated herein.

79.     The '478 patent is invalid under the patent laws of the United States, 35 U.S.C. § 101 *et seq*.

80.     In particular, the claims of the '478 patent are invalid under 35 U.S.C. § 102 in view of the Priority Art.

81.     A judicial declaration that the '478 patent is invalid because it fails to satisfy the conditions for patentability specified in Title 35 of the United States Code is necessary and appropriate at this time so that SimpliSafe can ascertain its rights and duties with respect to the SimpliSafe Video Doorbell Pro, which Defendants accuse of infringing the '478 patent.

## COUNT NINE
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '638 PATENT

82.     Paragraphs 1 through 81 are incorporated by reference as if fully stated herein.

83.     Defendants claim to own all rights, title, and interest in the '638 patent.

84.     In filing the ITC Complaint, Defendants accused SimpliSafe of "directly infring[ing] claim 6 of the '638 patent pursuant to 35 U.S.C. § 271(a), either literally or by the doctrine of infringements, or both, by making, using, selling, offering for sale, selling, and/or importing the SimpliSafe [Video] Doorbell Camera."  Ex. I at 5.77.

85.     Defendants also accused SimpliSafe of "indirectly infring[ing] claim 6 of the '638 patent by instructing, directing, and/or enabling others, including its customers, purchasers, users and developers, alone or in combination, to use the SimpliSafe [Video] Doorbell Camera and/or perform all or some of the steps recited in claim 6 of the '638 patent, either literally or under the doctrine of equivalents, and by providing a material or apparatus for use in a patented process,

which such material or apparatus is especially adapted for use in the infringement of the '638 patent and is not a stable article or commodity of commerce suitable for substantial non-infringing use." *Id.*

86.     Contrary to Defendants' assertions in the ITC Complaint, the SimpliSafe Video Doorbell Pro does not infringe—directly or indirectly—claim 6 of the '638 patent.

87.     The SimpliSafe Video Doorbell Pro also does not perform substantially the same function, in substantially the way, to obtain substantially the same result as claim 6 of the '638 patent.

88.     Absent a declaration that any asserted claims of the '638 patent are not infringed, Defendants will continue to wrongfully assert the '638 patent against SimpliSafe, thereby causing SimpliSafe irreparable harm and injury.

89.     An actual, substantial, and justiciable controversy of sufficient immediacy and reality exists between Defendants and SimpliSafe as to whether the claims of the '638 patent are infringed.  A judicial declaration is necessary and appropriate so that SimpliSafe may ascertain its rights regarding the '638 patent.

90.     Based on the foregoing, SimpliSafe hereby requests a declaration that the claims of the '638 patent are not infringed by the SimpliSafe Video Doorbell Pro.

## COUNT TEN
## DECLARATORY JUDGMENT OF INVALIDITY OF THE '638 PATENT

91.     Paragraphs 1 through 90 are incorporated by reference as if fully stated herein.

92.     The '638 patent is invalid under the patent laws of the United States, 35 U.S.C. § 101 *et seq*.

93.     In particular, the claims of the '638 patent are invalid under 35 U.S.C. § 102 in view of the Priority Art.

15

94. A judicial declaration that the '638 patent is invalid because it fails to satisfy the conditions for patentability specified in Title 35 of the United States Code is necessary and appropriate at this time so that SimpliSafe can ascertain its rights and duties with respect to the SimpliSafe Video Doorbell Pro, which Defendants accuse of infringing the '638 patent.

## COUNT ELEVEN
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '906 PATENT

95. Paragraphs 1 through 94 are incorporated by reference as if fully stated herein.

96. Defendants claim to own all rights, title, and interest in the '906 patent.

97. In filing the ITC Complaint, Defendants accused SimpliSafe of "directly infring[ing] claims 9, 13, and 18 of the '906 patent pursuant to 35 U.S.C. § 271(a), either literally or by the doctrine of infringements, or both, by making, using, selling, offering for sale, selling, and/or importing the SimpliSafe [Video] Doorbell Camera." Ex. I at 5.79.

98. Defendants also accused SimpliSafe of "indirectly infring[ing] claims 9, 13, and 18 of the '906 patent by instructing, directing, and/or enabling others, including its customers, purchasers, users and developers, alone or in combination, to use the SimpliSafe [Video] Doorbell Camera and/or perform all or some of the steps recited in claims 9, 13, and 18 of the '906 patent, either literally or under the doctrine of equivalents, and by providing a material or apparatus for use in a patented process, which such material or apparatus is especially adapted for use in the infringement of the '906 patent and is not a stable article or commodity of commerce suitable for substantial non-infringing use." *Id.*

99. Contrary to Defendants' assertions in the ITC Complaint, the SimpliSafe Video Doorbell Pro does not infringe—directly or indirectly—claims 9, 13, and 18 of the '906 patent.

100.     The SimpliSafe Video Doorbell Pro also does not perform substantially the same function, in substantially the way, to obtain substantially the same result as 9, 13, and 18 of the '906 patent.

101.     Absent a declaration that any asserted claims of the '906 patent are not infringed, Defendants will continue to wrongfully assert the '906 patent against SimpliSafe, thereby causing SimpliSafe irreparable harm and injury.

102.     An actual, substantial, and justiciable controversy of sufficient immediacy and reality exists between Defendants and SimpliSafe as to whether the claims of the '906 patent are infringed.  A judicial declaration is necessary and appropriate so that SimpliSafe may ascertain its rights regarding the '906 patent.

103.     Based on the foregoing, SimpliSafe hereby requests a declaration that the claims of the '906 patent are not infringed by the SimpliSafe Video Doorbell Pro.

## COUNT TWELVE
## DECLARATORY JUDGMENT OF INVALIDITY OF THE '906 PATENT

104.     Paragraphs 1 through 103 are incorporated by reference as if fully stated herein.

105.     The '906 patent is invalid under the patent laws of the United States, 35 U.S.C. § 101 *et seq*.

106.     In particular, the claims of the '906 patent are invalid under 35 U.S.C. § 102 in view of the Priority Art.

107.     A judicial declaration that the '906 patent is invalid because it fails to satisfy the conditions for patentability specified in Title 35 of the United States Code is necessary and appropriate at this time so that SimpliSafe can ascertain its rights and duties with respect to the SimpliSafe Video Doorbell Pro, which Defendants accuse of infringing the '906 patent.

17

**COUNT THIRTEEN**
**DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '120 PATENT**

108.    Paragraphs 1 through 107 are incorporated by reference as if fully stated herein.

109.    Defendants claim to own all rights, title, and interest in the '120 patent.

110.    In filing the ITC Complaint, Defendants accused SimpliSafe of "directly infring[ing] claim 1 of the '120 patent pursuant to 35 U.S.C. § 271(a), either literally or by the doctrine of infringements, or both, by making, using, selling, offering for sale, selling, and/or importing the SimpliSafe SimpliCam."  Ex. I at 5.81.

111.    Defendants also accused SimpliSafe of "indirectly infring[ing] claim 1 of the '120 patent by instructing, directing, and/or enabling others, including its customers, purchasers, users and developers, alone or in combination, to use the SimpliSafe SimpliCam and/or perform all or some of the steps recited in claim 1 of the '120 patent, either literally or under the doctrine of equivalents, and by providing a material or apparatus for use in a patented process, which such material or apparatus is especially adapted for use in the infringement of the '120 patent and is not a stable article or commodity of commerce suitable for substantial non-infringing use."  *Id.*

112.    Contrary to Defendants' assertions in the ITC Complaint, the SimpliSafe SimpliCam does not infringe—directly or indirectly—claim 1 of the '120 patent.

113.    The SimpliSafe SimpliCam also does not perform substantially the same function, in substantially the way, to obtain substantially the same result as claim 1 of the '120 patent.

114.    Absent a declaration that any asserted claims of the '120 patent are not infringed, Defendants will continue to wrongfully assert the '120 patent against SimpliSafe, thereby causing SimpliSafe irreparable harm and injury.

115.    An actual, substantial, and justiciable controversy of sufficient immediacy and reality exists between Defendants and SimpliSafe as to whether the claims of the '120 patent are

18

infringed.  A judicial declaration is necessary and appropriate so that SimpliSafe may ascertain its rights regarding the '120 patent.

116.    Based on the foregoing, SimpliSafe hereby requests a declaration that the claims of the '120 patent are not infringed by the SimpliSafe SimpliCam.

## COUNT FOURTEEN
## DECLARATORY JUDGMENT OF INVALIDITY OF THE '120 PATENT

117.    Paragraphs 1 through 116 are incorporated by reference as if fully stated herein.

118.    The '120 patent is invalid under the patent laws of the United States, 35 U.S.C. § 101 *et seq*.

119.    In particular, the claims of the '120 patent are invalid under 35 U.S.C. § 102 in view of the Priority Art.

120.    A judicial declaration that the '120 patent is invalid because it fails to satisfy the conditions for patentability specified in Title 35 of the United States Code is necessary and appropriate at this time so that SimpliSafe can ascertain its rights and duties with respect to the SimpliSafe SimpliCam, which Defendants accuse of infringing the '120 patent.

## PRAYER FOR RELIEF

WHEREFORE, SimpliSafe respectfully requests that this Court enter judgment in its favor and prays that the Court grant the following relief:

A.    A declaration that SimpliSafe's Video Doorbell Pro and SimpliCam do not infringe any claim of the '660 patent;

B.    A declaration that all claims of the '660 patent are invalid;

C.    A declaration that SimpliSafe's Video Doorbell Pro does not infringe any claim of the '796 patent;

D.    A declaration that all claims of the '796 patent are invalid;

E.      A declaration that SimpliSafe's Video Doorbell Pro does not infringe any claim of the '797 patent;

F.      A declaration that all claims of the '797 patent are invalid;

G.      A declaration that SimpliSafe's Video Doorbell Pro does not infringe any claim of the '478 patent;

H.      A declaration that all claims of the '478 patent are invalid;

I.      A declaration that SimpliSafe's Video Doorbell Pro does not infringe any claim of the '638 patent;

J.      A declaration that all claims of the '638 patent are invalid;

K.      A declaration that SimpliSafe's Video Doorbell Pro does not infringe any claim of the '906 patent;

L.      A declaration that all claims of the '906 patent are invalid;

M.      A declaration that SimpliSafe's SimpliCam does not infringe any claim of the '120 patent;

N.      A declaration that all claims of the '120 patent are invalid;

O.      An order that Defendants, and their officers, directors, employees, agents, attorneys, and all persons in active concert or participation with them, are restrained and enjoined from further instituting or further prosecuting any action against SimpliSafe with respect to any of the asserted patents;

P.      A declaration that this case is exceptional within the meaning of 35 U.S.C. § 285;

Q.      An award to SimpliSafe of its costs and attorneys' fees; and

R.      Such other and further relief at law or equity as this Court deems just and proper.

20

## DEMAND FOR JURY TRIAL

In accordance with Federal Rule of Civil Procedure 38, SimpliSafe respectfully demands a jury trial of all issues triable to a jury in this action.


Dated: December 28, 2020                                Respectfully submitted,


                                                        **SIMPLISAFE, INC.,**

                                                        By its attorney,


                                                        /s/ Joshua M. Dalton
                                                        Joshua M. Dalton, BBO #636402
                                                        josh.dalton@morganlewis.com
                                                        **MORGAN, LEWIS & BOCKIUS LLP**
                                                        One Federal Street
                                                        Boston, MA  02110-1726
                                                        617.951.8000