## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

SIMPLISAFE, INC.,

        Plaintiff,

    v.

SKYBELL TECHNOLOGIES, INC.,
SB IP HOLDINGS, LLC, AND
EYETALK365, LLC

        Defendants.

Civil Action No.: 1:20-cv-12288

**Jury Trial Demanded**

## DEFENDANTS' ANSWER TO AMENDED COMPLAINT FOR DECLARATORY JUDGEMENT AND COUNTERCLAIMS

SkyBell Technologies, Inc. ("SkyBell"), SB IP Holdings, LLC ("SB IP"), and

Eyetalk365, LLC ("Eyetalk," and collectively, "Defendants") respond to Plaintiff's Amended

Complaint for Declaratory Judgment ("Complaint") as follows:

### NATURE OF THE ACTION

1.      Responding to the allegations in paragraph 1 of the Complaint, Defendants admit

only that this action purports to arise out of the patent laws of the United States and Declaratory

Judgment Act. Defendants deny that Plaintiff is entitled to any relief.

### PARTIES

2.      Defendants are without sufficient information to admit or deny the allegations in

paragraph 2 of the Complaint and therefore deny such allegations.

3.      Defendants admit the allegations in paragraph 3 of the Complaint.

4.      Defendants admit the allegations in paragraph 4 of the Complaint.

5.      Defendants admit the allegations in paragraph 5 of the Complaint.

## JURISDICTION AND VENUE

6.      Defendants admit that this action purports to arise under the Declaratory

Judgment Act and under the patent laws of the United States.

7.      Defendants admit that this Court has subject matter jurisdiction over this action.

8.      Defendants are without sufficient information to admit or deny the allegations in

paragraph 8 of the Complaint and therefore deny such allegations.

9.      Admitted.

10.     Admitted.

11.     Admitted.

12.     Admitted.

13.     Denied.

14.     Responding to the allegations in paragraph 14 of the Complaint, Defendants deny

that they are subject to specific personal jurisdiction based on sending a letter to SimpliSafe.

15.     Responding to the allegations in paragraph 15 of the Complaint, Defendants admit

only that they knew the letter would be transmitted to appropriate individuals at SimpliSafe, but

deny that they knew such letter would be transmitted to Massachusetts.

16.     Responding to the allegations in paragraph 16 of the Complaint, Defendants admit

that they filed a petition in the International Trade Commission shortly after sending the 2020

letter to SimpliSafe, but deny the remaining allegations in paragraph 16.

17.     Responding to the allegations in paragraph 17 of the Complaint, Defendants admit

they filed a petition against SimpliSafe and that this Complaint purports to arise out of the filing

of such petition with the ITC. Defendants deny the remaining allegations in paragraph 17.

18.     Responding to the allegations in paragraph 18 of the Complaint, Defendants admit that they have made efforts to enforce their patent rights against SimpliSafe, but deny the remaining allegations in paragraph 18 of the Complaint.

19.     Responding to the allegations in paragraph 19 of the Complaint, Defendants admit Eyetalk365 sent SimpliSafe a letter in 2018 and engaged in discussions with counsel regarding a potential license. Defendants deny the remaining allegations in paragraph 19.

20.     Responding to the allegations in paragraph 20 of the Complaint, Defendants admit that SkyBell is licensed to the Asserted Patents and offers its products to customers throughout the United States. Defendants, however, are without sufficient information to admit or deny the remaining allegations in paragraph 20 and therefore deny them.

21.     Responding to the allegations in paragraph 21, Defendants admit only that the quoted portion purports to quote allegations including in Defendants' petition filed with the ITC and that SB IP is a wholly owned subsidiary of SkyBell. Defendants deny that SB IP's sole business is to license the Asserted Patents through threats of and actual litigation.

22.     Defendants deny the allegations in paragraph 22 of the Complaint.

23.     Defendants deny the allegations in paragraph 23 of the Complaint.

## COUNT ONE
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '660 PATENT

24.     Defendants incorporate by reference their responses to paragraphs 1-23.

25.     Defendants admit the allegations in paragraph 25 of the Complaint.

26.     Defendants admit the allegations in paragraph 26 of the Complaint.

27.     Defendants admit the allegations in paragraph 27 of the Complaint.

28.     Defendants deny the allegations in paragraph 28 of the Complaint.

29.     Defendants deny the allegations in paragraph 29 of the Complaint.

30.     Defendants deny the allegations in paragraph 30 of the Complaint.

31.     Responding to the allegations in paragraph 31 of the Complaint, Defendants admit only that an actual controversy exists between Defendants and Plaintiff regarding the infringement of the '660 Patent. Defendants deny the remaining allegations in paragraph 31.

32.     Paragraph 32 does not require a response from Defendants, but to the extent it does, Defendants deny that SimpliSafe is entitled to the relief requested.

## COUNT TWO
## DECLARATORY JUDGMENT OF INVALIDITY OF THE '660 PATENT

33.     Defendants incorporate by reference their responses to paragraphs 1-32.

34.     Defendants deny the allegations in paragraph 34 of the Complaint.

35.     Defendants deny the allegations in paragraph 35 of the Complaint.

36.     Defendants deny the allegations in paragraph 36 of the Complaint.

37.     Defendants deny the allegations in paragraph 37 of the Complaint.

38.     Defendants deny the allegations in paragraph 38 of the Complaint.

39.     Defendants deny the allegations in paragraph 39 of the Complaint.

40.     Defendants deny the allegations in paragraph 40 of the Complaint.

## COUNT THREE
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '796 PATENT

41.     Defendants incorporate by reference their responses to paragraphs 1-40.

42.     Defendants admit the allegations in paragraph 42 of the Complaint.

43.     Defendants admit the allegations in paragraph 43 of the Complaint.

44.     Defendants admit the allegations in paragraph 44 of the Complaint.

45.     Defendants deny the allegations in paragraph 45 of the Complaint.

46.     Defendants deny the allegations in paragraph 46 of the Complaint.

47.     Defendants deny the allegations in paragraph 47 of the Complaint.

48. Responding to the allegations in paragraph 48 of the Complaint, Defendants admit only that an actual controversy exists between Defendants and Plaintiff regarding the infringement of the '796 Patent. Defendants deny the remaining allegations in paragraph 48.

49. Paragraph 49 does not require a response from Defendants, but to the extent it does, Defendants deny that SimpliSafe is entitled to the relief requested.

## COUNT FOUR
## DECLARATORY JUDGMENT OF INVALIDITY OF THE '796 PATENT

50. Defendants incorporate by reference their responses to paragraphs 1-49.

51. Defendants deny the allegations in paragraph 51 of the Complaint.

52. Defendants deny the allegations in paragraph 52 of the Complaint.

53. Defendants deny the allegations in paragraph 53 of the Complaint.

54. Defendants deny the allegations in paragraph 54 of the Complaint.

55. Defendants deny the allegations in paragraph 55 of the Complaint.

56. Defendants deny the allegations in paragraph 56 of the Complaint.

57. Defendants deny the allegations in paragraph 57 of the Complaint.

58. Defendants deny the allegations in paragraph 58 of the Complaint.

## COUNT FIVE
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '797 PATENT

59. Defendants incorporate by reference their responses to paragraphs 1-58.

60. Defendants admit the allegations in paragraph 60 of the Complaint.

61. Defendants admit the allegations in paragraph 61 of the Complaint.

62. Defendants admit the allegations in paragraph 62 of the Complaint.

63. Defendants deny the allegations in paragraph 63 of the Complaint.

64. Defendants deny the allegations in paragraph 64 of the Complaint.

65. Defendants deny the allegations in paragraph 65 of the Complaint.

66.     Responding to the allegations in paragraph 66 of the Complaint, Defendants admit only that an actual controversy exists between Defendants and Plaintiff regarding the infringement of the '797 Patent. Defendants deny the remaining allegations in paragraph 66.

67.     Paragraph 67 does not require a response from Defendants, but to the extent it does, Defendants deny that SimpliSafe is entitled to the relief requested.

## COUNT SIX
## DECLARATORY JUDGMENT OF INVALIDITY OF THE '797 PATENT

68.     Defendants incorporate by reference their responses to paragraphs 1-67.

69.     Defendants deny the allegations in paragraph 69 of the Complaint.

70.     Defendants deny the allegations in paragraph 70 of the Complaint.

71.     Defendants deny the allegations in paragraph 71 of the Complaint.

72.     Defendants deny the allegations in paragraph 72 of the Complaint.

73.     Defendants deny the allegations in paragraph 73 of the Complaint.

74.     Defendants deny the allegations in paragraph 74 of the Complaint.

75.     Defendants deny the allegations in paragraph 75 of the Complaint.

## COUNT SEVEN
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '478 PATENT

76.     Defendants incorporate by reference their responses to paragraphs 1-75.

77.     Defendants admit the allegations in paragraph 77 of the Complaint.

78.     Defendants admit the allegations in paragraph 78 of the Complaint.

79.     Defendants admit the allegations in paragraph 79 of the Complaint.

80.     Defendants deny the allegations in paragraph 80 of the Complaint.

81.     Defendants deny the allegations in paragraph 81 of the Complaint.

82.     Defendants deny the allegations in paragraph 82 of the Complaint.

83.     Responding to the allegations in paragraph 83 of the Complaint, Defendants admit only that an actual controversy exists between Defendants and Plaintiff regarding the infringement of the '478 Patent. Defendants deny the remaining allegations in paragraph 83.

84.     Paragraph 84 does not require a response from Defendants, but to the extent it does, Defendants deny that SimpliSafe is entitled to the relief requested.

## COUNT EIGHT
## DECLARATORY JUDGMENT OF INVALIDITY OF THE '478 PATENT

85.     Defendants incorporate by reference their responses to paragraphs 1-84.

86.     Defendants deny the allegations in paragraph 86 of the Complaint.

87.     Defendants deny the allegations in paragraph 87 of the Complaint.

88.     Defendants deny the allegations in paragraph 88 of the Complaint.

89.     Defendants deny the allegations in paragraph 89 of the Complaint.

90.     Defendants deny the allegations in paragraph 90 of the Complaint.

91.     Defendants deny the allegations in paragraph 91 of the Complaint.

92.     Defendants deny the allegations in paragraph 92 of the Complaint.

## COUNT NINE
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '638 PATENT

93.     Defendants incorporate by reference their responses to paragraphs 1-92.

94.     Defendants admit the allegations in paragraph 94 of the Complaint.

95.     Defendants admit the allegations in paragraph 95 of the Complaint.

96.     Defendants admit the allegations in paragraph 96 of the Complaint.

97.     Defendants deny the allegations in paragraph 97 of the Complaint.

98.     Defendants deny the allegations in paragraph 98 of the Complaint.

99.     Defendants deny the allegations in paragraph 99 of the Complaint.

100.     Responding to the allegations in paragraph 100 of the Complaint, Defendants admit only that an actual controversy exists between Defendants and Plaintiff regarding the infringement of the '638 Patent. Defendants deny the remaining allegations in paragraph 100.

101.     Paragraph 101 does not require a response from Defendants, but to the extent it does, Defendants deny that SimpliSafe is entitled to the relief requested.

## COUNT TEN
## DECLARATORY JUDGMENT OF INVALIDITY OF THE '638 PATENT

102.     Defendants incorporate by reference their responses to paragraphs 1-101.

103.     Defendants deny the allegations in paragraph 103 of the Complaint.

104.     Defendants deny the allegations in paragraph 104 of the Complaint.

105.     Defendants deny the allegations in paragraph 105 of the Complaint.

106.     Defendants deny the allegations in paragraph 106 of the Complaint.

107.     Defendants deny the allegations in paragraph 107 of the Complaint.

108.     Defendants deny the allegations in paragraph 108 of the Complaint.

109.     Defendants deny the allegations in paragraph 109 of the Complaint.

110.     Defendants deny the allegations in paragraph 110 of the Complaint.

## COUNT ELEVEN
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '906 PATENT

111.     Defendants incorporate by reference their responses to paragraphs 1-110.

112.     Defendants admit the allegations in paragraph 112 of the Complaint.

113.     Defendants admit the allegations in paragraph 113 of the Complaint.

114.     Defendants admit the allegations in paragraph 114 of the Complaint.

115.     Defendants deny the allegations in paragraph 115 of the Complaint.

116.     Defendants deny the allegations in paragraph 116 of the Complaint.

117.     Defendants deny the allegations in paragraph 117 of the Complaint.

118.     Responding to the allegations in paragraph 118 of the Complaint, Defendants admit only that an actual controversy exists between Defendants and Plaintiff regarding the infringement of the '906 Patent. Defendants deny the remaining allegations in paragraph 118.

119.     Paragraph 119 does not require a response from Defendants, but to the extent it does, Defendants deny that SimpliSafe is entitled to the relief requested.

**COUNT TWELVE**
**DECLARATORY JUDGMENT OF INVALIDITY OF THE '906 PATENT**

120.     Defendants incorporate by reference their responses to paragraphs 1-119.

121.     Defendants deny the allegations in paragraph 121 of the Complaint.

122.     Defendants deny the allegations in paragraph 122 of the Complaint.

123.     Defendants deny the allegations in paragraph 123 of the Complaint.

124.     Defendants deny the allegations in paragraph 124 of the Complaint.

125.     Defendants deny the allegations in paragraph 125 of the Complaint.

126.     Defendants deny the allegations in paragraph 126 of the Complaint.

127.     Defendants deny the allegations in paragraph 127 of the Complaint.

**COUNT THIRTEEN**
**DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '120 PATENT**

128.     Defendants incorporate by reference their responses to paragraphs 1-128.

129.     Defendants admit the allegations in paragraph 129 of the Complaint.

130.     Defendants admit the allegations in paragraph 130 of the Complaint.

131.     Defendants admit the allegations in paragraph 131 of the Complaint.

132.     Defendants deny the allegations in paragraph 132 of the Complaint.

133.     Defendants deny the allegations in paragraph 133 of the Complaint.

134.     Defendants deny the allegations in paragraph 134 of the Complaint.

135.    Responding to the allegations in paragraph 135 of the Complaint, Defendants admit only that an actual controversy exists between Defendants and Plaintiff regarding the infringement of the '120 Patent. Defendants deny the remaining allegations in paragraph 135.

136.    Paragraph 136 does not require a response from Defendants, but to the extent it does, Defendants deny that SimpliSafe is entitled to the relief requested.

## COUNT FOURTEEN
## DECLARATORY JUDGMENT OF INVALIDITY OF THE '120 PATENT

137.    Defendants incorporate by reference their responses to paragraphs 1-136.

138.    Defendants deny the allegations in paragraph 138 of the Complaint.

139.    Defendants deny the allegations in paragraph 139 of the Complaint.

140.    Defendants deny the allegations in paragraph 140 of the Complaint.

141.    Defendants deny the allegations in paragraph 141 of the Complaint.

142.    Defendants deny the allegations in paragraph 142 of the Complaint.

143.    Defendants deny the allegations in paragraph 143 of the Complaint.

144.    Defendants deny the allegations in paragraph 144 of the Complaint.

## COUNT FIFTEEN
## DECLARATORY JUDGMENT OF INVALIDITY OF THE ASSERTED PATENTS

145.    Defendants incorporate by reference their responses to paragraphs 1-144.

146.    Responding to the allegations in paragraph 146 of the Complaint, Defendants admit only that the applications for the Asserted Patents were all filed on or after March 26, 2015 and that the Asserted Patents are, at a minimum, entitled to priority to that date.

147.    Defendants are without sufficient information to admit or deny the allegations in paragraph 147 because "Priority Patents" is not defined in the Complaint, and therefore deny such allegations in paragraph 147. Defendants admit only that the '614 and '581 Patents are part

of the priority chain for the Asserted Patents and that certain claims in the Asserted Patents may claim priority to such applications.

148.     Responding to the allegations in paragraph 148 of the Complaint, Defendants admit only that the Asserted Patents relate back to U.S. Pat. No. 7,193,644 and certain claims from the Asserted Patents may be entitled to priority to such application. Defendants deny the remaining allegations in paragraph 148.

149.     Responding to the allegations in paragraph 149 of the Complaint, Defendants admit only that the Asserted Patents relate back to U.S. Pat. App. No.60/418,384 and certain claims from the Asserted Patents may be entitled to priority to such application. Defendants deny the remaining allegations in paragraph 149.

150.     Responding to the allegations in paragraph 150, Defendants admit only that the specifications of the '614 and '581 Patents disclose the limitations of the asserted claims from the Asserted Patents in the ITC investigation, and that the '614 and '581 Patents along with the '525 and '100 Applications are included in the priority chain for the Asserted Patents. Defendants deny the remaining allegations in paragraph 150.

151.     Responding to the allegations in paragraph 151, Defendants admit only that the '644 Patent, '525 and '100 Applications are included in the priority chain for the Asserted Patents. Defendants deny the remaining allegations in paragraph 151.

152.     Responding to the allegations in paragraph 151, Defendants admit only that the Provisional Application, '525 and '100 Applications are included in the priority chain for the Asserted Patents. Defendants deny the remaining allegations in paragraph 152.

153.     Admitted.

154.     Admitted.

155.    Admitted.

156.    Responding to the allegations in paragraph 156 of the Complaint, Defendants admit only that provisional application no. 60/418,384 was filed on October 15, 2002. Defendants are without sufficient information to admit or deny the exact date the provisional application became available to the public and therefore deny such allegation.

157.    Admitted.

158.    Responding to the allegations in paragraph 158 of the Complaint, Defendants deny that they must establish priority because the Asserted Patents are presumed valid and further include a presumption of priority. Defendants deny any remaining allegations in paragraph 158.

159.    Denied.

160.    Denied.

161.    Admitted.

162.    Admitted.

163.    Denied.

164.    Responding to the allegations in paragraph 164 of the Complaint, Defendants admit only that application for the '525 Application did not submit the requested materials within two months of the notice. Defendants deny the remaining allegations in paragraph 164.

165.    Denied.

166.    Denied.

167.    Responding to the allegations in paragraph 167, Defendants admit only that the applicant filed an application data sheet on November 23, 2014. Defendants deny the remaining allegations in paragraph 167.

168.   Denied.

169.   Denied.

170.   Denied.

171.   Denied.

172.   Denied.

## COUNT SIXTEEN
## DECLARATORY JUDGMENT OF UNENFORCEABILITY

173.   Defendants incorporate by reference their responses to paragraphs 1-172.

174.   Denied.

175.   Denied.

176.   Denied.

177.   Denied.

178.   Denied.

179.   Denied.

180.   Responding to the allegations in paragraph 180 of the Complaint, Defendants admit only that the allegations purport to cite statements made in filings made in litigation in matter no. 3:8-cv-614. Defendants are without sufficient information to admit or deny the allegations in paragraph 180 and therefore deny same.

181.   Responding to the allegations in paragraph 181 of the Complaint, Defendants admit only that the allegations purport to cite statements made in filings made in litigation in matter no. 3:8-cv-614. Defendants are without sufficient information to admit or deny the allegations in paragraph 181 and therefore deny same.

182.   Responding to the allegations in paragraph 182 of the Complaint, Defendants admit only that the allegations purport to cite statements made in filings made in litigation in

matter no. 3:8-cv-614. Defendants are without sufficient information to admit or deny the allegations in paragraph 182 and therefore deny same.

183.    Responding to the allegations in paragraph 183 of the Complaint, Defendants admit only that the allegations purport to cite statements made in filings made in litigation in matter no. 3:8-cv-614. Defendants are without sufficient information to admit or deny the allegations in paragraph 183 and therefore deny same.

184.    Responding to the allegations in paragraph 183 of the Complaint, Defendants admit only that the allegations purport to cite statements made in filings made in litigation in matter no. 3:8-cv-614. Defendants are without sufficient information to admit or deny the allegations in paragraph 184 and therefore deny same.

185.    Denied.

186.    Denied.

187.    Denied.

188.    Denied.

189.    Denied.

190.    Denied.

191.    Denied.

192.    Denied.

193.    Denied.

## **PLAINTIFF'S PRAYER FOR RELIEF**

194.    Defendants deny that Plaintiff's are entitled to any of the relief requested in its Prayer for Relief.

## DEFENDANT SB IP HOLDINGS, LLC'S COUNTER CLAIMS

### NATURE OF THE ACTION

1.      This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. §§ 1, *et seq.*

### THE PARTIES

2.      SB IP Holdings, LLC ("SBIP") is a limited liability company organized under the laws of the State of Delaware with its principal place of business at 1 Jenner #100 Irvine, CA 92618.

3.      SimpliSafe, Inc. is a Delaware corporation with its principle place of business at 294 Washington Street, 9th Floor, Boston, Massachusetts 02108.

4.      SBIP, is a wholly owned subsidiary of SkyBell Technologies, Inc. ("SkyBell"), which is in the business of providing leading video doorbell and wireless security solutions. SBIP owns the right to assert and seek damages on a number of patents related to entryway management. SBIP's patent portfolio is seminal intellectual property in the field of entryway management including inventions related to video doorbell technology. Some of the largest companies in the entryway management industry have taken licenses to SBIP's patent portfolio without litigation. SBIP's notable licensees include The Chamberlain Group, Inc., HeathCo, LLC, and Bot Home Automation, Inc.—makers of the "Ring" video doorbell. These companies licensed SBIP's portfolio without the need for wasteful litigation. These companies should be commended for appreciating the patent rights of others and licensing the SBIP patent portfolio in order to ensure a freedom to operate in the space. Thus, there is no doubt that SBIP's patent portfolio includes pioneering inventions related to the entryway management industry, which have been litigated in courts across the country.

5.      SBIP's parent company, SkyBell, is an industry leader in video doorbell and home security solutions industry and was one of the first companies to offer the modern video doorbell in January 2014. Since that time, SkyBell has invested substantial money and time into developing world-class video doorbells and security technology. SkyBell is one of the leading business-to-business doorbell companies and is regularly sought after to provide highly integrated, customer solutions to industry partners. SkyBell's existing products are shown below and by filing this suit, SBIP seeks to protect the market share of SkyBell.



**SkyBell** HD



**SkyBell** Trim



**SkyBell** Slim

## JURISDICTION AND VENUE

6.      This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. §§ 1, *et seq*. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7.      This Court has personal jurisdiction over SimpliSafe at least because of SimpliSafe's substantial business in this forum. For example, SimpliSafe maintains its principle place of business at 294 Washington Street, 9th Floor, Boston, Massachusetts 02108 and has conducted business in this District since approximately 2006. SimpliSafe has approximately 800

employees. Further, SimpliSafe has committed acts of infringement in this District, including selling its Video Doorbell Pro and SimpliCam products, and SBIP's claims arise from these acts.

8.     Venue is proper in this District under 28 U.S.C. § 1400(b) because SimpliSafe maintains a regular an established place of business in this District and has committed acts of infringement here.

## PATENTS AT ISSUE

9.     SBIP owns all right, title, and interest to the seven Asserted Patents listed below. Each of these patents share the same specification and relate back to U.S. Patent application ser. No. 60/418,384, filed on Oct. 15, 2002. Accordingly, as demonstrated further below, the Asserted Patents share many overlapping features and capabilities.

10.     On October 9, 2018, the U.S. Patent and Trademark Office duly and lawfully issued U.S. Pat. No. 10,097,796 ("the '796 Patent") titled "Communication and Monitoring System" to inventor Ronald Carter. SBIP owns all substantive rights to the '796 Patent, including the right to exclude others and to enforce, sue and recover damages for past and future infringement. A true and correct copy of the '796 Patent is attached as Exhibit A.

11.     On February 5, 2019, the U.S. Patent and Trademark Office duly and lawfully issued U.S. Pat. No. 10,200,660 ("the '660 Patent") titled "Communication and Monitoring System" to inventor Ronald Carter. SBIP owns all substantive rights to the '660 Patent, including the right to exclude others and to enforce, sue and recover damages for past and future infringement. A true and correct copy of the '660 Patent is attached as Exhibit B.

12.     On December 31, 2019, the U.S. Patent and Trademark Office duly and lawfully issued U.S. Pat. No. 10,523,906 ("the '906 Patent") titled "Communication and Monitoring System" to inventor Ronald Carter. SBIP owns all substantive rights to the '906 Patent, including

the right to exclude others and to enforce, sue and recover damages for past and future infringement. A true and correct copy of the '906 Patent is attached as Exhibit C.

13.     On October 9, 2018, the U.S. Patent and Trademark Office duly and lawfully issued U.S. Pat. No. 10,097,797 ("the '797 Patent") titled "Communication and Monitoring System" to inventor Ronald Carter. SBIP owns all substantive rights to the '797 Patent, including the right to exclude others and to enforce, sue and recover damages for past and future infringement. A true and correct copy of the '797 Patent is attached as Exhibit D.

14.     On November 1, 2016, the U.S. Patent and Trademark Office duly and lawfully issued U.S. Pat. No. 9,485,478 ("the '478 Patent") titled "Communication and Monitoring System" to inventor Ronald Carter. SBIP owns all substantive rights to the '478 Patent, including the right to exclude others and to enforce, sue and recover damages for past and future infringement. A true and correct copy of the '478 Patent is attached as Exhibit E.

15.     On June 2, 2020, the U.S. Patent and Trademark Office duly and lawfully issued U.S. Pat. No. 10,674,120 ("the '120 Patent") titled "Communication and Monitoring System" to inventor Ronald Carter. SBIP owns all substantive rights to the '120 Patent, including the right to exclude others and to enforce, sue and recover damages for past and future infringement. A true and correct copy of the '120 Patent is attached as Exhibit F.

16.     On August 30, 2016, the U.S. Patent and Trademark Office duly and lawfully issued U.S. Pat. No. 9,432,638 ("the '638 Patent") titled "Communication and Monitoring System" to inventor Ronald Carter. SBIP owns all substantive rights to the '638 Patent, including the right to exclude others and to enforce, sue and recover damages for past and future infringement. A true and correct copy of the '638 Patent is attached as Exhibit G.

## COUNT 1 – INFRINGEMENT OF U.S. PATENT NO. 10,200,660

17.     SimpliSafe directly infringes at least claim 9 of the '660 Patent pursuant to 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, or both, by making, using, offering for sale, selling, and/or importing in the United States the SimpliSafe Doorbell Camera Pro.

18.     SimpliSafe indirectly infringes at least claim 9 under sections 271(b) and/or 271(c) by instructing, directing, and/or enabling others, including its customers, purchasers, users and developers, alone, or in combination to use the SimpliSafe Doorbell Camera Pro and/or perform all or some of the steps recited in claim 9 of the '660 Patent, either literally or under the doctrine of equivalents, and by providing a material or apparatus for use in a patented process, when such material or apparatus is especially adapted for use in the infringement of the '660 Patent, and is not a staple article or commodity of commerce suitable for substantial non-infringing use.

19.     A claim chart that applies the asserted claims 9 of the '660 patent to the SimpliSafe Doorbell Camera Pro is attached hereto as Exhibit H, showing that this Accused Product, when used as directed by Respondent SimpliSafe, infringes these claims.

20.     SimpliSafe directly infringes at least claims 13, 14, 16, and 18 of the '660 patent pursuant to 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, or both, by making, using, offering for sale, selling, and/or importing in the United States the SimpliSafe SimpliCam.

21.     In addition, SimpliSafe indirectly infringes at least claims 13, 14, 16, and 18 under sections 271(b) and/or 271(c) by instructing, directing, and/or enabling others, including its customers, purchasers, users and developers, alone, or in combination to use the SimpliSafe SimpliCam and/or perform all or some of the steps recited in claims 13, 14, 16, and 18  of the '660 patent, either literally or under the doctrine of equivalents, and by providing a material or apparatus

for use in a patented process, when such material or apparatus is especially adapted for use in the infringement of the '660 patent, and is not a staple article or commodity of commerce suitable for substantial non-infringing use.

22.    A claim chart that applies the asserted claims 13, 14, 16, and 18 of the '660 patent to the SimpliSafe SimpliCam is attached hereto as Exhibit I, showing that this Accused Product, when used as directed by Respondent SimpliSafe, infringes these claims.

23.    SimpliSafe has had actual knowledge of the '660 Patent and its alleged infringement described herein since at least since approximately December 16, 2020.

24.    Despite actual knowledge of its infringement of the '660 Patent, SimpliSafe continues to infringe, intentionally and willfully, in violation of the patent laws. On information and belief, SimpliSafe has not attempted to avoid infringement by redesigning or otherwise changing the accused products.

25.    Unless enjoined by this Court, SimpliSafe will continue to infringe the '660 Patent.

26.    Because of SimpliSafe's infringing activities, SBIP has suffered damages and will continue to suffer damages in the future.

### COUNT TWO – INFRINGEMENT OF U.S. PAT. NO. 10,097,796

27.    SimpliSafe directly infringes at least claims 3 and 7 of the '796 Patent under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, or both, by making, using, offering for sale, selling, and/or importing in the United States the SimpliSafe Doorbell Camera Pro.

28.    In addition, SimpliSafe indirectly at least infringes claims 3 and 7 of the '796 Patent under sections 271(b) and/or 271(c) by instructing, directing, and/or enabling others, including its customers, purchasers, users and developers, alone, or in combination to use the SimpliSafe Doorbell Camera Pro and/or perform all or some of the steps recited in claims 3 and 7, either

literally or under the doctrine of equivalents, and by providing a material or apparatus for use in a patented process, when such material or apparatus is especially adapted for use in the infringement of the '796 patent, and is not a staple article or commodity of commerce suitable for substantial non-infringing use.

29.     A claim chart that applies the asserted claims 3 and 7 of the '796 Patent to the SimpliSafe Doorbell Camera Pro is attached hereto as Exhibit J, showing that this Accused Product, when used as directed by Respondent SimpliSafe, infringes these claims.

30.     SimpliSafe has had actual knowledge of the '796 Patent and its alleged infringement described herein since at least since approximately December 16, 2020; and was on notice of the '796 Patent since approximately November 7, 2018.

31.     Despite actual knowledge of its infringement of the '796 Patent, SimpliSafe continues to infringe, intentionally and willfully, in violation of the patent laws. On information and belief, SimpliSafe has not attempted to avoid infringement by redesigning or otherwise changing the accused products.

32.     Unless enjoined by this Court, SimpliSafe will continue to infringe the '796 Patent.

33.     Because of SimpliSafe's infringing activities, SBIP has suffered damages and will continue to suffer damages in the future.

## COUNT 3 – INFRINGEMENT OF U.S. PAT. NO. 10,097,797

34.     SimpliSafe directly infringes at least claims 6, 8, and 9 of the '797 Patent pursuant to of 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, or both, by making, using, offering for sale, selling, and/or importing in the United States the SimpliSafe Doorbell Camera Pro.

35.     In addition, SimpliSafe indirectly infringes at least claims 6, 8, and 9 under sections 271(b) and/or 271(c) by instructing, directing, and/or enabling others, including its customers,

purchasers, users and developers, alone, or in combination to use the SimpliSafe Doorbell Camera Pro and/or perform all or some of the steps recited in claims 6, 8, and 9 of the '797 Patent, either literally or under the doctrine of equivalents, and by providing a material or apparatus for use in a patented process, when such material or apparatus is especially adapted for use in the infringement of the '797 Patent, and is not a staple article or commodity of commerce suitable for substantial non-infringing use.

36.     A claim chart that applies the asserted claims 6, 8, and 9 of the '797 Patent to the SimpliSafe Doorbell Camera Pro is attached hereto as Exhibit K, showing that this Accused Product, when used as directed by Respondent SimpliSafe, infringes these claims.

37.     SimpliSafe has had actual knowledge of the '797 Patent and its alleged infringement described herein since at least since approximately December 16, 2020; and was on notice of the '797 Patent since approximately November 7, 2018.

38.     Despite actual knowledge of its infringement of the '797 Patent, SimpliSafe continues to infringe, intentionally and willfully, in violation of the patent laws. On information and belief, SimpliSafe has not attempted to avoid infringement by redesigning or otherwise changing the accused products.

39.     Unless enjoined by this Court, SimpliSafe will continue to infringe the '797 Patent.

40.     Because of SimpliSafe's infringing activities, SBIP has suffered damages and will continue to suffer damages in the future.

## COUNT 4 – INFRINGEMENT OF U.S. PAT. NO. 9,485,478

41.     SimpliSafe directly infringes at least claims 9, 10, 11, and 17 of the '478 Patent under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, or both, by making, using, offering for sale, selling, and/or importing in the United States the SimpliSafe Doorbell Camera Pro.

42.     In addition, SimpliSafe indirectly infringes at least claims 9, 10, 11, and 17 under sections 271(b) and/or 271(c) by instructing, directing, and/or enabling others, including its customers, purchasers, users and developers, alone, or in combination to use the SimpliSafe Doorbell Camera Pro and/or perform all or some of the steps recited in claims 9, 10, 11, and 17 of the '478 Patent, either literally or under the doctrine of equivalents, and by providing a material or apparatus for use in a patented process, when such material or apparatus is especially adapted for use in the infringement of the '478 Patent, and is not a staple article or commodity of commerce suitable for substantial non-infringing use.

43.     A claim chart that applies the asserted claims 9, 10, 11, and 17 of the '478 Patent to the SimpliSafe Doorbell Camera Pro is attached hereto as Exhibit L, showing that this Accused Product, when used as directed by Respondent SimpliSafe, infringes these claims.

44.     SimpliSafe has had actual knowledge of the '478 Patent and its alleged infringement described herein since at least since approximately December 16, 2020; and was on notice of the '478 Patent since approximately November 7, 2018.

45.     Despite actual knowledge of its infringement of the '478 Patent, SimpliSafe continues to infringe, intentionally and willfully, in violation of the patent laws. On information and belief, SimpliSafe has not attempted to avoid infringement by redesigning or otherwise changing the accused products.

46.     Unless enjoined by this Court, SimpliSafe will continue to infringe the '478 Patent.

47.     Because of SimpliSafe's infringing activities, SBIP has suffered damages and will continue to suffer damages in the future.

### COUNT 5 – INFRINGEMENT OF U.S. PAT. NO. 9,432,638

48.     SimpliSafe directly infringes at least claim 6 of the '638 Patent pursuant to 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, or both, by making, using,

offering for sale, selling, and/or importing in the United States the SimpliSafe Doorbell Camera Pro.

49.     In addition, SimpliSafe indirectly infringes at least claim 6 under sections 271(b) and/or 271(c) by instructing, directing, and/or enabling others, including its customers, purchasers, users and developers, alone, or in combination to use the SimpliSafe Doorbell Camera Pro and/or perform all or some of the steps recited in claim 6 of the '638 Patent, either literally or under the doctrine of equivalents, and by providing a material or apparatus for use in a patented process, when such material or apparatus is especially adapted for use in the infringement of the '638 Patent, and is not a staple article or commodity of commerce suitable for substantial non-infringing use.

50.     A claim chart that applies the asserted claim 6 of the '638 Patent to the SimpliSafe Doorbell Camera Pro is attached hereto as Exhibit M, showing that this Accused Product, when used as directed by Respondent SimpliSafe, infringes this claim.

51.     SimpliSafe has had actual knowledge of the '638 Patent and its alleged infringement described herein since at least since approximately December 16, 2020; and was on notice of the '638 Patent since approximately November 7, 2018.

52.     Despite actual knowledge of its infringement of the '638 Patent, SimpliSafe continues to infringe, intentionally and willfully, in violation of the patent laws. On information and belief, SimpliSafe has not attempted to avoid infringement by redesigning or otherwise changing the accused products.

53.     Unless enjoined by this Court, SimpliSafe will continue to infringe the '638 Patent.

54.     Because of SimpliSafe's infringing activities, SBIP has suffered damages and will continue to suffer damages in the future.

## COUNT 6 – INFRINGEMENT OF U.S. PAT. NO. 10,523,906

55.     SimpliSafe directly infringes at least claims 9, 13, and 18 of the '906 Patent pursuant to 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, or both, by making, using, offering for sale, selling, and/or importing in the United States the SimpliSafe Doorbell Camera Pro.

56.     In addition, SimpliSafe indirectly infringes at least claims 9, 13, and 18 under sections 271(b) and/or 271(c) by instructing, directing, and/or enabling others, including its customers, purchasers, users and developers, alone, or in combination to use the SimpliSafe Doorbell Camera and/or perform all or some of the steps recited in claims 9, 13, and 18 of the '906 Patent, either literally or under the doctrine of equivalents, and by providing a material or apparatus for use in a patented process, when such material or apparatus is especially adapted for use in the infringement of the '906 Patent, and is not a staple article or commodity of commerce suitable for substantial non-infringing use.

57.     A claim chart that applies the asserted claims 9, 13, and 18 of the '906 Patent to the SimpliSafe Doorbell Camera Pro is attached hereto as Exhibit N, showing that this Accused Product, when used as directed by Respondent SimpliSafe, infringes this claim.

58.     SimpliSafe has had actual knowledge of the '906 Patent and its alleged infringement described herein since at least since approximately December 16, 2020.

59.     Despite actual knowledge of its infringement of the '906 Patent, SimpliSafe continues to infringe, intentionally and willfully, in violation of the patent laws. On information and belief, SimpliSafe has not attempted to avoid infringement by redesigning or otherwise changing the accused products.

60.     Unless enjoined by this Court, SimpliSafe will continue to infringe the '906 Patent.

61.     Because of SimpliSafe's infringing activities, SBIP has suffered damages and will continue to suffer damages in the future.

### COUNT 7 – INFRINGEMENT OF U.S. PAT. NO. 10,674,120

62.     SimpliSafe directly infringes at least claim 1 of the '120 Patent pursuant to 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, or both, by making, using, offering for sale, selling, and/or importing in the United States the SimpliSafe SimpliCam.

63.     In addition, SimpliSafe indirectly infringes at least claim 1 under sections 271(b) and/or 271(c) by instructing, directing, and/or enabling others, including its customers, purchasers, users and developers, alone, or in combination to use the SimpliSafe SimpliCam and/or perform all or some of the steps recited in claim 1 of the '120 Patent, either literally or under the doctrine of equivalents, and by providing a material or apparatus for use in a patented process, when such material or apparatus is especially adapted for use in the infringement of the '120 Patent, and is not a staple article or commodity of commerce suitable for substantial non-infringing use.

64.     A claim chart that applies the asserted claim 1 of the '120 Patent to the SimpliSafe SimpliCam is attached hereto as Exhibit O, showing that this Accused Product, when used as directed by Respondent SimpliSafe, infringes this claim.

65.     SimpliSafe has had actual knowledge of the '120 Patent and its alleged infringement described herein since at least since approximately December 16, 2020.

66.     Despite actual knowledge of its infringement of the '120 Patent, SimpliSafe continues to infringe, intentionally and willfully, in violation of the patent laws. On information and belief, SimpliSafe has not attempted to avoid infringement by redesigning or otherwise changing the accused products.

67.     Unless enjoined by this Court, SimpliSafe will continue to infringe the '906 Patent.

68.     Because of SimpliSafe's infringing activities, SBIP has suffered damages and will continue to suffer damages in the future.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, SBIP demands a trial by jury on all issues triable as such.

## PRAYER FOR RELIEF

SBIP respectfully requests that this Court enter judgment for SBIP and against SimpliSafe as follows:

A.     An adjudication that SimpliSafe has infringed the asserted claims each of the Patents-in-Suit.

B.     An award of damages to be paid by SimpliSafe adequate to compensate SBIP for SimpliSafe's past infringement of the Patents-in-Suit and any continuing or future infringement through the date such judgment is entered, including interest, costs, expenses and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

C.     A permanent injunction enjoining SimpliSafe and its officers, agents, servants, employees, users, attorneys, and all those persons in active concert or participation with SimpliSafe from the acts described in this Complaint;

D.     An order requiring SimpliSafe to pay an ongoing royalty in an amount to be determined for any continued infringement after the date judgment is entered;

E.     A declaration that this case is exceptional under 35 U.S.C. § 285, treble damages, and an award of SBIP's reasonable attorneys' fees; and

F.     An award to SBIP of such further relief at law or in equity as the Court deems just and proper.

Dated: May 19, 2021                              Respectfully submitted,

                                                 s/ Javier F. Flores
                                                 Javier F. Flores, BBO #666089
                                                 Email:  Javier.flores@dinsmore.com
                                                 Christine L. Cocheteux, BBO #705229
                                                 Email: Christine.cocheteux@dinsmore.com

                                                 **DINSMORE & SHOHL LLP**
                                                 101 Arch Street, Suite 1800
                                                 Boston, MA 02110
                                                 Phone:  857-305-6400

                                                 s/ Gary R. Sorden
                                                 Gary R. Sorden
                                                   Texas Bar No. 24066124
                                                   gsorden@coleschotz.com
                                                 Vishal Patel
                                                   Texas Bar No. 24065885
                                                   vpatel@coleschotz.com
                                                 Timothy J.H. Craddock
                                                   Texas Bar No. 24082868
                                                   tcraddock@coleschotz.com

                                                 **COLE SCHOTZ, P.C.**
                                                 901 Main Street, Suite 4120
                                                 Dallas, Texas 75202
                                                 Tel: (469) 557-9390
                                                 Fax: (469) 533-1587

                                                 **ATTORNEYS FOR DEFENDANTS SKYBELL
                                                 TECHNOLOGIES, INC., SB IP HOLDINGS,
                                                 LLC, AND EYETALK365, LLC**

## CERTIFICATE OF SERVICE

        I hereby certify that the above document, was filed through the ECF system for electronic
service to the registered participants as identified on the Notice of Electronic Filing, on May 19,
2021.

                                                 /s/ Javier S. Flores
                                                 _____
                                                         Javier F. Flores

61538/0001-40782267v1