**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| SIMPLISAFE, INC.,      ) | |
| ) | |
| Plaintiff,      ) | |
| ) | |
| v.      ) | Civil Action No.: 1:20-cv-12288 |
| ) | |
| SKYBELL TECHNOLOGIES, INC., SB      ) | JURY TRIAL DEMANDED |
| IP HOLDINGS, LLC, AND      ) | |
| EYETALK365, LLC,      ) | |
| ) | |
| Defendants. | |

**MOTION TO PARTIALLY LIFT STAY OF PROCEEDINGS**

Plaintiff SimpliSafe, Inc. ("SimpliSafe") respectfully submits this motion to lift the stay

order for the limited purpose of filing a motion for summary judgment on Count XV of the

Complaint, invalidity of U.S. Patent Nos. 9,432,638, 9,485,478, 10,094,796, 10,097,797,

10,200,660, 10,523,906, and 10,674,120 (collectively, "the Patents-in-Suit"), to address a discrete

legal issue that if determined in SimpliSafe's favor will dispose of the entirety of this action.

SimpliSafe's proposed motion relates to a discrete issue of law that the International Trade

Commission ("ITC") relied on in its Final Determination to conclude that all of the Patents-in-Suit

are invalid.  The parties agreed that the current stay would last only until that Determination issued,

and in the interest of efficiency, SimpliSafe respectfully requests that the Court take up this discrete

legal issue at this juncture, to fully and finally resolve the cloud SkyBell created and maintains

with its assertions of the Patents-in-Suit.

Massachusetts-based SimpliSafe filed this case after Defendants SkyBell Technologies,

Inc., SB IP Holdings, LLC, and Eyetalk365, LLC (collectively, "SkyBell") threatened and filed a

lawsuit in the ITC alleging SimpliSafe infringed the Patents-in-Suit.  Although SimpliSafe did not

seek a mandatory stay of this action under 28 U.S.C. § 1659, the parties jointly moved for a

discretionary stay of this case until the Commission's Final Determination, which the Court

granted.  That joint request was made after SimpliSafe moved for early summary determination

(the ITC's analogue to summary judgment) that the Patents-in-Suit are invalid as a matter of law.

The Commission agreed that the patents are invalid, and issued its Final Determination on

November 10, 2021, terminating the investigation in its entirety.[1]   The Commission's Final

Determination affirmed the Administrative Law Judge's ("ALJ") determination that the Patents-

in-Suit are invalid because the claims are anticipated by U.S. Patent No. 8,164,614 ("the '614

patent").   Although the Patents-in-Suit claim priority to the '614 patent, the priority claim is

defective as a matter of law because one application in the priority chain (the '525 Application)

was abandoned before the next (the application for the '478 patent) was filed, breaking a necessary

link for the priority claim.  As a result, the '614 patent is § 102(b) prior art to the Patents-in-Suit

and renders the claims invalid.  There were no disputes of fact associated with this issue, as SkyBell

admitted during the ITC proceedings, and the ALJ and the Commission agreed in concluding all

the Patents-in-Suit here are invalid as a matter of law.

Despite the Commission's Final Determination, SkyBell continues to assert that

SimpliSafe infringes these patents.  Although SkyBell claims that it intends to appeal the ITC's

decision, it is no impediment to proceeding with summary judgment here.  SkyBell will not agree

that a Federal Circuit affirmance is binding in this case.  And SkyBell is proceeding with another

---

[1]      Findings and opinions rendered by the ITC, while not binding, can serve as persuasive authority in a district court. *See Texas Instruments v. Cypress Semiconductor Corp.*, 90 F.3d 1558, 1569 (Fed. Cir. 1996) ("The district court can attribute whatever persuasive value to the prior ITC decision that it considers justified."); *Solomon Techs., Inc. v. Toyota Motor Corp.*, No. 8:05-cv-1702-T-MAP, 2010 WL 715243, at *4-5 (M.D. Fla. Jan. 26, 2010) (granting summary judgment on non-infringement where the parties litigated the same issues related to the same patents before the ITC); *Diebold Nixdorf, Inc. v. Hyosung Tns, Inc.*, C.A. No. 19-1695-LPS, 2021 WL 678672, at *2, n.2 (D. Del. Feb. 22, 2021) (taking into account the ITC's construction of a patent term).

litigation on these and related patents ***through trial***, belying any notion that continuing the stay of this case is about efficiency, as opposed to delaying resolution of SimpliSafe's claims in this Court. Moreover, SkyBell's appeal to the Federal Circuit may not be decided until after the patents expire on October 9, 2023, further confirming that SkyBell's appeal strategy is nothing more than a delay tactic to prevent SimpliSafe from resolving the claims against it.  SimpliSafe therefore respectfully requests the stay be lifted for the limited purpose of permitting it to file a summary judgment motion on the same issue that the ITC already decided in SimpliSafe's favor.

## I.    CASE BACKGROUND

### A.    Procedural History

On December 18, 2020, SkyBell filed a complaint in the ITC alleging a violation of Section 337 of the Tariff Act based on SimpliSafe's alleged infringement of the Patents-in-Suit (the "ITC Investigation").  *See Certain IP Camera Systems, Including Video Doorbells and Components Thereof*, Inv. No. 337-TA-1242.   SimpliSafe filed its complaint in the present action for declaratory judgment of non-infringement, invalidity, and unenforceability of those same patents on December 28, 2020.  *See* Dkt. 1.  SimpliSafe amended its complaint on March 26, 2021, which included Count XV for invalidity of all the Patents-in-Suit, the claim on which SimpliSafe seeks to move for summary judgment.  Dkt. 12.  SimpliSafe did not move for a mandatory stay of this action under 28 U.S.C. § 1659.  SkyBell answered on May 19, 2021, admitting that the Court has declaratory judgment jurisdiction over this action.  Dkt. 23 ¶¶ 6, 7.

In the ITC Investigation, SimpliSafe filed a motion for summary determination that the Patents-in-Suit are invalid as anticipated on May 21, 2021.  While that motion was pending in the ITC, the parties jointly moved for a discretionary stay of this case until the Commission's Final Determination, which this Court granted.  Dkt. 26.  On September 15, 2021, the ALJ issued an Initial Determination granting SimpliSafe's motion for summary determination, recommending

that the investigation be terminated because the Patents-in-Suit are invalid as a matter of law. Ex. 1. The ITC issued its Final Determination on November 10, 2021, affirming the Initial Determination and terminating the ITC Investigation in its entirety. Ex. 2. There were no disputes of fact associated with this issue—SkyBell admitted that during the ITC proceedings—and it was confirmed by both the ALJ and the Commission. *See id.*

On December 2, 2021, the parties met and conferred on whether to proceed with summary judgment in this action but could not reach agreement. SkyBell asserted that the case should remain stayed pending its appeal of the Commission's decision. SkyBell has still not filed its notice of appeal, meaning any decision from the Federal Circuit is a year or more away. And, as explained below, SkyBell's reliance on a yet-to-be-filed appeal does not justify further delaying this action while SkyBell maintains its assertion of the Patents-in-Suit against SimpliSafe— assertions that will not be resolved by that appeal.

> **B.     SimpliSafe's Proposed Motion Is on the Same Issue the Commission Relied on to Terminate the ITC Investigation**

SimpliSafe's motion for summary judgment would relate to the same discrete legal issue for which the Commission concluded "there was no genuine issue of material fact as to whether the asserted patents are invalid and that [SimpliSafe was] entitled to a finding of invalidity as a matter of law." Ex. 2. The issue, i.e., whether an issued patent's priority claim complies with Section 120, and if not, whether that patent is invalidated by the patents to which it sought to claim priority to, is one that courts routinely decide on summary judgment. *See Medtronic CoreValve, LLC v. Edwards Lifesciences Corp.*, 741 F.3d 1359, 1363 (Fed. Cir. 2014) (affirming summary judgment where priority to earlier application was defective and earlier application therefore anticipated asserted claims); *Encyclopaedia Britannica, Inc. v. Alpine Elecs. of Am., Inc.*, 609 F.3d 1345, 1349, 1352 (Fed. Cir. 2010) (affirming summary judgment of anticipation where later

application was "not entitled to the priority date of the '917 application under § 120"); *PowerOasis, Inc. v. T-Mobile USA, Inc.*, 522 F.3d 1299, 1301–06 (Fed. Cir. 2008) (affirming summary judgment that "none of the asserted claims of the two patents were entitled, under 35 U.S.C. § 120, to the benefit of the filing date of [the] original application" and as a result, asserted claims were invalid).

In this case, the Patents-in-Suit are anticipated by the '614 Patent because SkyBell admits that the '614 patent discloses the limitations of the Patents-in-Suits' claims and that the '614 patent was published as of April 24, 2012, more than one year before the earliest Patents-in-Suit was filed. 35 U.S.C. § 102(b). Although the Patents-in-Suit purport to claim priority to the '614 patent, it is black-letter law that "a patent's claims are not entitled to an earlier priority date merely because the patentee claims priority." *In re NTP, Inc.*, 654 F.3d 1268, 1276 (Fed. Cir. 2011). Rather, the patentee must meet the requirements of 35 U.S.C. § 120 to claim priority earlier than its filing date. *Id.* One of those requirements is that a later-filed application be co-pending with an earlier-filed application. *See* 35 U.S.C. § 120. To be co-pending, a later-filed application must be filed "before the patenting or abandonment of or termination of proceedings on the first application or on an application similarly entitled to the benefit of the filing date of the first application[.]" *Id.* The priority claim of the Patents-in-Suit is fatally flawed because the '525 Application, one of the applications in the priority chain back to the '614 patent, was abandoned as of midnight on October 6, 2014, long before any application claiming priority to the '525 Application was filed. The abandonment occurred because the required fees for the '525 Application were not paid within the two-month deadline set by the PTO. By statute, the failure to pay the required fees in the time period prescribed by the PTO means the application "shall be regarded as abandoned." 35 U.S.C.

§ 111(a)(3).  Because the Patents-in-Suit cannot claim priority to the '614 patent, the '614 patent is anticipatory prior art, the Patents-in-Suit are invalid as a matter of law.

## II.    LEGAL STANDARD

A court has the discretionary power to lift a stay that was previously imposed.  *See Smart Modular Techs., Inc. v. Netlist, Inc.*, No. 2:12-cv-02319-TLN-EFB, 2016 WL 5159524, at *2 (E.D. Cal. Sept. 21, 2016) ("Logically, the same court that imposes a stay of litigation has the inherent power and discretion to lift the stay.").  The court's power to stay proceedings is incidental to its inherent power to control the disposition of its cases in the interests of efficiency and fairness to the court, counsel, and litigants.  *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).  "When a court has imposed a stay, but 'circumstances have changed such that the court's reasons for imposing [that] stay no longer exist or are inappropriate,' the court also has the inherent power and discretion to lift the stay."  *Elm 3DS Innovations, LLC v. Samsung Elecs. Co.*, No. CV 14-1430-LPS-CJB, 2018 WL 1061370, at *1 (D. Del. Feb. 26, 2018) (lifting stay after final written decision issued in a PTAB proceeding and while appeal was pending).  Courts consider the same three factors that were considered at the time the stay was imposed when deciding whether to lift a stay: (1) "whether discovery is complete and a trial date has been set"; (2) "whether the stay will simplify the issues in question in the litigation"; and (3) "whether the stay will unduly prejudice the nonmoving party or present a clear tactical disadvantage to the nonmoving party."  *See Pers. Audio LLC v. Google, Inc.*, 230 F. Supp. 3d 623, 626 (E.D. Tex. 2017) (applying the same factors in lifting an already-imposed stay); *see also Acqis LLC v. EMC Corp.*, 109 F. Supp. 3d 352, 356 (D. Mass. 2015) (quoting *SurfCast, Inc. v. Microsoft Corp.*, No. 12-cv-00333, 2014 WL 6388489, at *1 (D. Me. Nov. 14, 2014)).  As explained below, all factors favor lifting the stay to decide summary judgment of invalidity, which would entirely resolve this action if granted in SimpliSafe's favor.

### III.   ARGUMENT

**A.   The Circumstances Warranting the Stay No Longer Exist Because the ITC Issued Its Final Determination**

As noted above, the parties jointly moved the Court on June 2, 2021 to stay the district court proceedings "until the Commission's Final Determination" in the related ITC Investigation. Dkt. 26 at 1.  It is undisputed that the Commission issued its Final Determination on November 10, 2021.  "Accordingly, the basis on which the Court stayed this case no longer exists" and the stay should be lifted.  *See Kirsch Research and Dev., LLC v. Epilay, Inc.*, No. 2:20-cv-03773, 2021 WL 4732578, at *2 (C.D. Cal. May 7, 2021) (lifting a stay order after the ITC proceedings were finalized).

**B.   Proceeding with Summary Judgment Will Simplify the Issues in This Case before the Parties and Court Expend Resources during Discovery**

As explained in § I.B., district courts routinely grant summary judgment on the very issue SimpliSafe requests that the Court decide here. Permitting SimpliSafe to proceed with a motion for summary judgment of invalidity on the same ground that resulted in the termination of the ITC investigation has a significant potential to simplify the case.  If SimpliSafe succeeds, then there would be no need to proceed with any discovery on infringement, invalidity, or damages because the Patents-in-Suit would be invalid as a matter of law, and the only remaining issues would be SimpliSafe's request for fees and costs.  *See Geneva Pharms., Inc. v. GlaxoSmithKline PLC*, 349 F.3d 1373, 1386 (Fed. Cir. 2003) (finding discovery issues moot when patents at issue are invalid); *see also Monsanto Co. v. Bayer Bioscience N.V.*, 514 F.3d 1229, 1243 (Fed. Cir. 2008) (even where no case or controversy existed as to invalidity, court retained jurisdiction to hold patents unenforceable for inequitable conduct and award attorney's fees).

Although this case is in its early stages, that is no impediment to SimpliSafe's motion for summary judgment because (1) the relevant documents are official public documents that are

already in the record in this case (the Patents-in-Suit, the file history for the '525 Application, and

the earlier Eyetalk patents including the '614 patent and U.S. Patent No. 8,154,581); (2) SkyBell

admits there are no disputed factual issues; and (3) the only issue for decision is a discrete one of

law that applies equally to all seven of the Patents-in-Suit that would result in their invalidity.  Dkt.

12, Exs. A-G, N, T-X.  Indeed, at the ITC, SkyBell admitted that the "universe of documents that

matters" to decide this validity issue turned on these documents alone.  Ex. 3, Hr'g Tr. at 77:13-

78:2.  Moreover, the parties can leverage the substantial work already done on this issue, which

was briefed to the ALJ, argued at a three-hour hearing, and briefed to the Commission.

SkyBell asserts it would be more efficient to continue the stay until the Federal Circuit

decides its yet-to-be-filed appeal of the ITC's Final Determination.  Not only would SkyBell's

proposal delay resolution of SimpliSafe's claims by a year or more—while SkyBell continues to

maintain its infringement assertions against SimpliSafe—but SkyBell will also not even agree that

a Federal Circuit affirmance would be binding and resolve this litigation.  As a result, although the

ITC's decisions may provide guidance to the Court, there would be no simplification or efficiency

whatever the outcome of the Federal Circuit appeal.  *See Texas Instruments*, 90 F.3d at 1569.

Moreover, SkyBell's claim of "efficiency" cannot be squared with its continued litigation

of many of the same patents at issue here in another concurrently pending district court litigation

that involves a different respondent from the same ITC action, Vivint.  *See SB IP Holdings LLC v.*

*Vivint Smart Home, Inc.*, Case No. 4:20-cv-00886-ALM ("Vivint Suit").  Three of the patents in

the Vivint Suit are also pending in this action, and ***all*** of the patents in the Vivint Suit have the

same defective priority claim as the Patents-in-Suit.  Therefore, those patents are invalid for the

same reason as the Patents-in-Suit.  SkyBell, however, is willing to litigate the Vivint Suit through

trial, despite its purportedly forthcoming Federal Circuit appeal.  SkyBell's claim of efficiency is

thus nothing more than a smokescreen for its attempt to delay resolution of SimpliSafe claims—which arose because SkyBell asserted (and continues to assert) that SimpliSafe infringes the Patents-in-Suit. If the Court decides that the Patents-in-Suit are invalid now, it will resolve all the claims in this litigation and avoid burdening the Parties and the Court with discovery that will be moot. It will also resolve the cloud SkyBell created and insists on maintaining over SimpliSafe's products. The stay should be lifted.

### C.   SkyBell Will Not Be Prejudiced By Proceeding but a Continued Stay Will Harm SimpliSafe

Lifting the stay to allow SimpliSafe to move for summary judgment poses no hardship or inequity to SkyBell. As explained above, SkyBell is willing to litigate the Vivint Suit through trial, and litigating a single summary judgment motion is a far less burdensome task, particularly given that the parties have already briefed this issue, there are no disputed factual issues, and the necessary record is limited. On the other hand, delaying resolution of this case allows SkyBell to continue to allege SimpliSafe infringes the Patents-in-Suit and face the uncertainty of having to litigate this suit a year or more in the future. SkyBell chose to threaten SimpliSafe with a lawsuit and to sue it in the ITC. SkyBell has also chosen to continue asserting that SimpliSafe infringes despite its awareness that the Patents-in-Suit are invalid. SkyBell does not deny that declaratory judgment jurisdiction exists over this case. Dkt. 23 ¶ 6. SkyBell's chosen strategy should not be rewarded with the continued delay of a case that SimpliSafe filed to vindicate its rights. Thus, in the interests of efficiency and fairness, the stay order should be lifted for the limited purpose of permitting SimpliSafe to move for summary judgment.

**IV.   CONCLUSION**

In light of these considerations, SimpliSafe respectfully requests the Court grant this motion to lift the stay to permit SimpliSafe to move for summary judgment on Count XV of the Complaint.

Dated: December 8, 2021     Respectfully submitted,


            */s/ Kristina R. Cary*
            Kristina R. Cary (BBO # 688759)
            KIRKLAND & ELLIS LLP
            200 Clarendon Street
            Boston, MA 02116
            Telephone: (617) 385-7500
            Facsimile: (617) 385-7501
            kristina.cary@kirkland.com

            Adam R. Alper (*pro hac vice*)
            Akshay S. Deoras (*pro hac vice*)
            KIRKLAND & ELLIS LLP
            555 California Street
            San Francisco, CA 94104
            Telephone: (415) 439-1400
            Facsimile: (415) 439-1500
            adam.alper@kirkland.com
            akshay.deoras@kirkland.com

            Michael W. De Vries (*pro hac vice*)
            KIRKLAND & ELLIS LLP
            555 South Flower Street, Suite 3700
            Los Angeles, CA, 90071
            Telephone: (213) 680-8400
            Facsimile: (213) 680-8500
            michael.devries@kirkland.com

            Leslie M. Schmidt (*pro hac vice*)
            KIRKLAND & ELLIS LLP
            601 Lexington Ave.
            New York, NY 10022
            Telephone: (212) 446-4800
            Facsimile: (212) 446-4900
            leslie.schmidt@kirkland.com

            *Attorneys for Plaintiff SimpliSafe, Inc.*

## <u>CERTIFICATE OF CONFERENCE</u>

I hereby certify that in accordance with LR 7.1(a)(2), counsel for Plaintiff SimpliSafe, Inc.

and counsel for Defendants SkyBell Technologies, Inc., SB IP Holdings, LLC, and Eyetalk365,

LLC met and conferred by telephone on December 2, 2021, in good faith regarding resolution of

this motion, but were not able to reach agreement.


*/s/ Kristina R. Cary*
Kristina R. Cary

## **CERTIFICATE OF SERVICE**

I certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on December 8, 2021.

/s/ *Kristina R. Cary*
Kristina R. Cary