IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SIMPLISAFE, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: 1:20-cv-12288 |
| ) | |
| SKYBELL TECHNOLOGIES, INC., SB ) | JURY TRIAL DEMANDED |
| IP HOLDINGS, LLC, AND ) | |
| EYETALK365, LLC, ) | |
| ) | |
| Defendants. ) | |

## PLAINTIFF'S AMENDED ANSWER TO COUNTERCLAIMS

Plaintiff SimpliSafe, Inc. ("SimpliSafe") hereby files an amended answer to the Counterclaims of Defendant SB IP Holdings, LLC ("SBIP" or "Defendant"), dated May 19, 2021. To the extent not expressly admitted, Plaintiff denies the allegations set forth in SBIP's Counterclaims.

## NATURE OF THE ACTION

1. SimpliSafe admits that SBIP purports to bring an action for patent infringement under the Patent Laws of the United States, 35 U.S.C. §§ 1, et seq. SimpliSafe denies that SBIP has stated any claim upon which relief can be granted, and denies the remaining allegations in paragraph 1.

## THE PARTIES

2. SimpliSafe lacks sufficient information to admit or deny the allegations of paragraph 2 and therefore denies them.

3. Admitted

4. SimpliSafe admits that SkyBell Technologies, Inc. ("SkyBell") provides video doorbells and that the Chamberlain Group, HeathCo LLC, and Bot Home Automation have licensed one or more of the patents-in-suit. SimpliSafe admits that SBIP and its predecessors-in-interest to the Asserted Patents repeatedly asserted those patents and engaged in wasteful litigation, including with respect to SimpliSafe, despite the fact that all Asserted Patents are invalid and have been held to be invalid by at least the U.S. International Trade Commission. SimpliSafe denies that SBIP's patent portfolio includes any pioneering inventions. SimpliSafe lacks sufficient information to admit or deny the allegations of paragraph 4 and therefore denies them.

5. SimpliSafe lacks sufficient information to admit or deny the allegations of paragraph 5 and therefore denies them.

## JURISDICTION AND VENUE

6. SimpliSafe admits that SBIP purports to bring an action for patent infringement under the Patent Laws of the United States, 35 U.S.C. §§ 1, et seq. and that the Court has subject matter jurisdiction over this action. SimpliSafe denies that SBIP has stated any claim upon which relief can be granted, and denies the remaining allegations in paragraph 6.

7. SimpliSafe admits that it has its principal place of business at 294 Washington Street, 9th Floor, Boston, Massachusetts 02108. SimpliSafe further admits that for purposes of this action it is subject to personal jurisdiction in this District. SimpliSafe admits that it was founded in 2006 in Massachusetts and has over 800 employees. SimpliSafe admits that SBIP alleges that SimpliSafe's Video Doorbell Pro and SimpliCam products infringe the Asserted Patents. SimpliSafe denies the remaining allegations in paragraph 7.

8. SimpliSafe admits that venue is proper in this District for purposes of this action. SimpliSafe denies the remaining allegations in paragraph 8.

## PATENTS AT ISSUE

9. SimpliSafe denies that each of the Asserted Patents share the same specification and relate back to U.S. Patent application ser. No. 60/418,384, filed on October 15, 2002. SimpliSafe lacks sufficient information to admit or deny the allegations of paragraph 9 and therefore denies them.

10. SimpliSafe admits that, on October 9, 2018, the PTO issued the U.S. Pat. No. 10,097,796 ("the '796 Patent") entitled "Communication and Monitoring System," and that Ronald Carter is listed on its face as the inventor. SimpliSafe further admits that Exhibit A appears to be a true and accurate copy of the '796 patent. SimpliSafe lacks sufficient information to admit or deny the remaining allegations of paragraph 10 and therefore denies them.

11. SimpliSafe admits that, on February 5, 2019, the PTO issued the U.S. Pat. No. 10,200,660 ("the '660 Patent") entitled "Communication and Monitoring System," and that Ronald Carter is listed on its face as the inventor. SimpliSafe further admits that Exhibit B appears to be a true and accurate copy of the '660 patent. SimpliSafe lacks sufficient information to admit or deny the remaining allegations of paragraph 11 and therefore denies them.

12. SimpliSafe admits that, on December 31, 2019, the PTO issued the U.S. Pat. No. 10,523,906 ("the '906 Patent") entitled "Communication and Monitoring System," and that Ronald Carter is listed on its face as the inventor. SimpliSafe further admits that Exhibit C appears to be a true and accurate copy of the '906 patent. SimpliSafe lacks sufficient information to admit or deny the remaining allegations of paragraph 12 and therefore denies them.

13. SimpliSafe admits that, on October 9, 2018, the PTO issued the U.S. Pat. No. 10,097,797 ("the '797 Patent") entitled "Communication and Monitoring System," and that Ronald Carter is listed on its face as the inventor. SimpliSafe further admits that Exhibit D appears to be a true and accurate copy of the '797 patent. SimpliSafe lacks sufficient information to admit or deny the remaining allegations of paragraph 13 and therefore denies them.

14. SimpliSafe admits that, on November 1, 2016, the PTO issued the U.S. Pat. No. 9,485,478 ("the '478 Patent") entitled "Communication and Monitoring System," and that Ronald Carter is listed on its face as the inventor. SimpliSafe further admits that Exhibit E appears to be a true and accurate copy of the '478 Patent. SimpliSafe lacks sufficient information to admit or deny the remaining allegations of paragraph 14 and therefore denies them.

15. SimpliSafe admits that, on June 2, 2020, the PTO issued the U.S. Pat. No. 10,674,120 ("the '120 Patent") entitled "Communication and Monitoring System," and that Ronald Carter is listed on its face as the inventor. SimpliSafe further admits that Exhibit F appears to be a true and accurate copy of the '120 patent.  SimpliSafe lacks sufficient information to admit or deny the remaining allegations of paragraph 15 and therefore denies them.

16. SimpliSafe admits that, on August 30, 2016, the PTO issued the U.S. Pat. No. 9,432,638 ("the '638 Patent") entitled "Communication and Monitoring System," and that Ronald Carter is listed on its face as the inventor. SimpliSafe further admits that Exhibit G appears to be a true and accurate copy of the '638 patent. SimpliSafe lacks sufficient information to admit or deny the remaining allegations of paragraph 16 and therefore denies them.

## COUNT I

**(Infringement of U.S. Patent No. 10,200,660)**

17. Denied.

18. Denied.

19. SimpliSafe admits that Exhibit H purports to be a claim chart that applies the asserted claim 9 of the '660 patent to the SimpliSafe Doorbell Camera Pro, but denies that the SimpliSafe Doorbell Camera Pro infringes any valid or enforceable claim of the '660 patent at least because the SimpliSafe Doorbell Camera Pro lacks the following limitations in the asserted claim: "wherein the exterior device is capable of receiving the digital audio from a peripheral device after a person associated with the entrance has been detected," and/or "wherein the exterior device is capable of modifying the sensitivity of the motion detector upon receiving a request to do so." SimpliSafe denies the remaining allegations in paragraph 19.

20. Denied.

21. Denied.

22. SimpliSafe admits that Exhibit I purports to be a claim chart that applies the asserted claims 13, 14, 16, and 18 of the '660 patent to the SimpliSafe SimpliCam, but denies that the SimpliSafe SimpliCam infringes any valid or enforceable claim of the '660 patent at least because the SimpliSafe SimpliCam lacks the following limitations in the asserted claims: "wirelessly transmitting streaming video from an interior device upon detection of a person," "storing the streaming video and digital audio in a database and associating the interior device with the stored streaming video and digital audio," "replicating at least a portion of the database on one or more computers," and/or "providing a storage hierarchy for the streaming video and digital audio stored in the database." SimpliSafe denies the remaining allegations in paragraph 22.

23.     SimpliSafe admits that on December 16, 2020, the Defendants sent it a letter alleging that the SimpliSafe Doorbell Camera Pro and SimpliSafe SimpliCam infringed the '660 patent. SimpliSafe denies the remaining allegations in paragraph 23.

24.     Denied.

25.     Denied.

26.     Denied.

## COUNT II

### (Infringement of U.S. Pat. No. 10,097,796)

27.     Denied.

28.     Denied.

29.     SimpliSafe admits that Exhibit J purports to be a claim chart that applies the asserted claims 3 and 7 of the '796 patent to the SimpliSafe Doorbell Camera Pro, but denies that the SimpliSafe Doorbell Camera Pro infringes any valid or enforceable claim of the '796 patent at least because the SimpliSafe Doorbell Camera Pro lacks the following limitations in the asserted claims: "a proximity sensor for detecting the person at the entrance." SimpliSafe denies the remaining allegations in paragraph 29.

30.     SimpliSafe admits that on December 16, 2020, the Defendants sent it a letter alleging that the SimpliSafe Doorbell Camera Pro infringed the '796 patent. SimpliSafe denies the remaining allegations in paragraph 30.

31.     Denied.

32.     Denied.

33.     Denied.

## COUNT III

### (Infringement of U.S. Pat. No. 10,097,797)

34. Denied.

35. Denied.

36. SimpliSafe admits that Exhibit K purports to be a claim chart that applies the asserted claims 6, 8, and 9 of the '797 patent to the SimpliSafe Doorbell Camera Pro, but denies that the SimpliSafe Doorbell Camera Pro infringes any valid or enforceable claim of the '797 patent at least because the SimpliSafe Doorbell Camera Pro lacks the following limitations in the asserted claims: "wherein the exterior device is capable of wirelessly transmitting digital streaming video, at least partially via the internet, to a peripheral device, which is a cell phone, upon detection of a person associated with the entrance by the motion detector," "a keypad having one or more buttons," "wirelessly transmitting the recorded video and digital audio from the exterior device to a peripheral device at least partially via the Internet upon detection of the person at the entrance via the motion sensor or pressing of the one or more buttons of the keypad," and/or "placing a timestamp on the digital streaming video before transmission of the digital streaming video by the exterior device." SimpliSafe denies the remaining allegations in paragraph 36.

37. SimpliSafe admits that on December 16, 2020, the Defendants sent it a letter alleging that the SimpliSafe Doorbell Camera Pro infringed the '797 patent. SimpliSafe denies the remaining allegations in paragraph 37.

38. Denied.

39. Denied.

40. Denied.

## COUNT IV

**(Infringement of U.S. Pat. No. 9,485,478)**

41. Denied.

42. Denied.

43. SimpliSafe admits that Exhibit L purports to be a claim chart that applies the asserted claims 9, 10, 11, and 17 of the '478 Patent to the SimpliSafe Doorbell Camera Pro, but denies that the SimpliSafe Doorbell Camera Pro infringes any valid or enforceable claim of the '478 Patent at least because the SimpliSafe Doorbell Camera Pro lacks the following limitations in the asserted claims: "a wireless device comprising a video camera, a speaker, a microphone, and a keypad having one or more buttons," "each of said at least one peripheral devices associated with a respective user," "a computer configured for wireless communication with the wireless device to receive digital real-time digital streaming video data, wherein said computer is configured for communication with each of said at least one peripheral devices to transmit the digital real-time digital video data to at least one peripheral device," "the association of each of the at last one peripheral device with a respective user is maintained," and/or "wherein said wireless device comprises a proximity sensor located within the wireless device for detecting the presence of a person." SimpliSafe denies the remaining allegations in paragraph 43.

44. SimpliSafe admits that on December 16, 2020, the Defendants sent it a letter alleging that the SimpliSafe Doorbell Camera Pro infringed the '478 Patent. SimpliSafe denies the remaining allegations in paragraph 44.

45. Denied.

46. Denied.

47. Denied.

## COUNT V

### (Infringement of U.S. Pat. No. 9,432,638)

48. Denied.

49. Denied.

50. SimpliSafe admits that Exhibit M purports to be a claim chart that applies the asserted claim 6 of the '638 patent to the SimpliSafe Doorbell Camera Pro, but denies that the SimpliSafe Doorbell Camera Pro infringes any valid or enforceable claim of the '638 patent at least because the SimpliSafe Doorbell Camera Pro lacks the following limitations in the asserted claim: "an exterior device located proximate a door comprising a camera, a microphone, a speaker, an RF receiver, an RF transmitter, a proximity detector, and a keypad comprising one or more buttons operable to wirelessly transmit streaming video data after the keypad is pressed by a person at the door," "a proximity detector," "wherein each of said at least one peripheral device is associated with a respective user," "a computer configured for wireless communication with the exterior device to receive digital video data," and/or "at least one peripheral device." SimpliSafe denies the remaining allegations in paragraph 50.

51. SimpliSafe admits that on December 16, 2020, the Defendants sent it a letter alleging that the SimpliSafe Doorbell Camera Pro infringed the '638 patent. SimpliSafe denies the remaining allegations in paragraph 51.

52. Denied.

53. Denied.

54. Denied.

## COUNT VI

### (Infringement of U.S. Pat. No. 10,523,906)

55. Denied.

56. Denied.

57. SimpliSafe admits that Exhibit N purports to be a claim chart that applies the asserted claims 9, 13, and 18 of the '906 patent to the SimpliSafe Doorbell Camera Pro, but denies that the SimpliSafe Doorbell Camera Pro infringes any valid or enforceable claim of the '906 patent at least because the SimpliSafe Doorbell Camera Pro lacks the following limitations in the asserted claims: "wherein the exterior device is capable of modifying the sensitivity of the motion detector upon receiving the request to do so," "allow a user to modify a threshold of the motion detector," "wherein the exterior device is capable of receiving the digital audio from a peripheral device," "transmitting digital streaming video from a device upon detection of a person," "storing the digital streaming video and digital audio in a database," and/or "replicating at least a portion of the database on one or more computers." SimpliSafe denies the remaining allegations in paragraph 57.

58. SimpliSafe admits that on December 16, 2020, the Defendants sent it a letter alleging that the SimpliSafe Doorbell Camera Pro infringed the '906 patent. SimpliSafe denies the remaining allegations in paragraph 58.

59. Denied.

60. Denied.

61. Denied.

## COUNT VII

### (Infringement of U.S. Pat. No. 10,674,120)

62. Denied.

63. Denied.

64. SimpliSafe admits that Exhibit O purports to be a claim chart that applies the asserted claim 1 of the '120 patent to the SimpliSafe Doorbell Camera Pro, but denies that the SimpliSafe Doorbell Camera Pro infringes any valid or enforceable claim of the '120 patent at least because the SimpliSafe Doorbell Camera Pro lacks the following limitations in the asserted claim: "wherein the device is capable of wirelessly transmitting digital streaming video to a peripheral device, which is a smartphone, upon detection of a person by the motion sensor," and/or "a database comprising a hierarchy of storage for the digital streaming video captured by the device." SimpliSafe denies the remaining allegations in paragraph 64.

65. SimpliSafe admits that on December 16, 2020, the Defendants sent it a letter alleging that the SimpliSafe Doorbell Camera Pro infringed the '120 patent. SimpliSafe denies the remaining allegations in paragraph 65.

66. Denied.

67. Denied.

68. Denied.

### RESPONSE TO PRAYER FOR RELIEF

Plaintiff denies that SBIP is entitled to any of their requested relief or to any different relief. Plaintiff requests judgment in its favor on all of SBIP's Counterclaims and requested remedies.

### PLAINTIFF'S AFFIRMATIVE DEFENSES

As further answer and as affirmative defenses, but without assuming any burden that it would not otherwise have, Plaintiff alleges the following and reserves the right to amend or add to its affirmative defenses as additional information becomes available:

### FIRST AFFIRMATIVE DEFENSE - FAILURE TO STATE A CLAIM

SBIP's Counterclaims fail to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE - NON-INFRINGEMENT

SimpliSafe has not and does not infringe, contribute to the infringement, and/or induce the infringement of any valid and enforceable claim of the Patents at Issue, either literally or under the doctrine of equivalents, and has not otherwise committed any acts in violation of 35 U.S.C. § 271.

### THIRD AFFIRMATIVE DEFENSE - INVALIDITY

All of the asserted claims of the Patents at Issue are invalid and/or unenforceable for failing to meet one or more requirement of patentability set forth in Title 35 of the United States Code, including but not limited to §§ 101, 102, 103, and 112, the Rules and Regulations of the U.S. Patent and Trademark Office, and/or pursuant to any other statutory, regulatory, or judicially created doctrine of invalidity, including but not limited to obviousness-type double patenting.

### FOURTH AFFIRMATIVE DEFENSE - PROSECUTION HISTORY ESTOPPEL AND/OR DISCLAIMER

On information and belief, SBIP's claims are barred by the doctrine of estoppel, including without limitation, equitable estoppel and prosecution history estoppel.

In particular, SBIP is estopped by virtue of the cancellations, amendments, representations, and concessions made to the Patent and Trademark Office during the pendency of the applications for the Patents at Issue and for related patents and patent applications, from construing any asserted claim to have been infringed by any Accused Product.

## FIFTH AFFIRMATIVE DEFENSE - UNENFORCEABILITY DUE TO INEQUITABLE CONDUCT

Each of the Patents at Issue is unenforceable because of repeated inequitable conduct before the United States Patent & Trademark Office by the applicant and/or his attorneys during the productions of the applications that led to the Patents at Issue. SimpliSafe incorporates by reference Count Sixteen from its Amended Complaint.

Further, each of the Patents at Issue is unenforceable, and each purported cause of action therein alleged, is barred by inequitable conduct committed by Defendants and/or agents during revival of the U.S. Patent Application No. 14/338,525 ("'525 Application"), because the patentee breached its duty of candor and good faith to the Patent Office. The relevant facts and circumstances of which are set forth below.

The '525 Application was abandoned on October 7, 2014 for failure to respond timely and properly to the Notice to File Missing Parts of Nonprovisional Application mailed on August 4, 2014. More than seven years after its abandonment, Defendants, for the first time, filed a petition ("Initial Petition") to revive the '525 Application on November 24, 2021, two weeks after the ITC's final determination invalidating Defendants' patents. With the petition, Defendants submitted a declaration from Ross Helfer, the manager of Eyetalk365, LLC ("Eyetalk"), purporting to show that the abandonment of the '525 Application was unintentional. After the PTO rejected the Initial Petition, Defendants submitted a Renewed Petition on May 3, 2022 with another declaration from Mr. Helfer. The '525 Application was revived by the Renewed Petition on June 2, 2022.

Defendants fraudulently claimed in their petition to revive that the abandonment of the '525 Application was "unintentional." For example, the Declaration of Ross Helfer, which was

13

signed on May 2, 2022, as part of the Renewed Petition to Revive the '525 Application, and which is attached hereto as Exhibit 1, stated that "Eyetalk *never* intended to abandon the '525 Application prior to the filing of the '044 Application." Ex. 1, Helfer Decl. (5/2/2022), ¶ 17. However, Mr. Helfer was aware that the opposite was true. For example, review of Mr. Helfer's SEC investigative interview shows that the abandonment of the '525 Application was deliberate. On October 15, 2015, Mr. Helfer testified that prior to the filing of the application for the '478 Patent, Nicole Singletary was already aware that the '525 Application was abandoned. Ex. 2, Deposition of Ross Helfer (5/15/2015) at 162:20-163:8. Therefore, Defendants intended to abandon the '525 Application and were aware that it was abandoned prior to the filing of the application for the '478 Patent, contrary to the sworn statement provided to the PTO.

The abandonment of the '525 Application has been at issue in the midst of repeated litigations during the seven-year gap between time of abandonment and the first petition to revive. Mr. Helfer claimed that each time the allegation regarding the abandonment of the '525 Application was made, Eyetalk and SBIP "[had] reviewed the specific allegation in coordination with counsel and concluded that '525 Application was not abandoned until April 6, 2015, at the earliest." Ex. 3, Helfer Decl. (11/23/2021). However, Defendants knew that the '525 Application was abandoned before April 6, 2015. In *Eyetalk365 LLC v. SkyBell Technologies, Inc.*, No. 3:16-cv-00702 (W.D.N.C.), SkyBell, the sole member and owner of SBIP, alleged that the '638 and '478 Patents were not entitled to a priority date earlier than March 26, 2015 because the '525 Application was abandoned and thus there was no co-pendency between two of the applications to which the '638 and '478 Patents claim priority. *See* Ex. 4, SkyBell's Counterclaims ¶¶ 22, 27. Since SkyBell knew that the '525 Application was abandoned before the '478 Patent was filed,

14

Mr. Helfer knowingly made a false statement regarding Defendants' knowledge about the abandonment of the '525 Application to the PTO in order to revive the '525 Application.

Furthermore, the Initial Petition fraudulently stated "Eyetalk has had the unbridled discretion to prosecute the '525 Application and continuations from February 10, 2014 to May 17, 2021." Ex. 5, Initial Petition at 4. Eyetalk never recorded the patent assignment regarding the '525 Application with the PTO, and therefore could not have been the prosecution entity for the application during the relevant period. In addition, upon information and belief, Chad Tillman of Tillman Wright, PLLC was never Eyetalk's attorney. Mr. Tillman did not have any obligation to communicate with Mr. Helfer or Eyetalk regarding the '525 Application. Mr. Helfer did not retain his own attorney until March 12, 2015, *after* the '525 Application had already been abandoned. After retaining Bobby Braxton, contrary to Mr. Helfer's statement in his declaration that "Mr. Braxton entered a power of attorney on Eyetalk's behalf in on or about March 12, 2015," the Power of Attorney entered on March 12, 2015 did not name Eyetalk nor Mr. Helfer. *See* Ex. 6, File History Excerpts of the '525 Application; *See* Ex. 3, Helfer Decl. (11/23/2021) ¶ 10. It only named "Ronald Carter" as applicant with the Electronic Acknowledgement Receipt addressed to Revolutionary Concepts, Inc. *See* Ex. 6, File History Excerpts of the '525 Application.

The falsity of Mr. Helfer's statements makes them "but-for" material. Mr. Helfer's statements are further "but-for" material because the PTO relied on these statements to grant the petition to revive. In addition, by misrepresenting to the PTO that the first time he learned about the abandonment was *after* March 12, 2015, Mr. Helfer intended to induce the PTO to conclude that the abandonment was unintentional. This material misrepresentation was made with the intent to deceive the PTO and thus constitutes fraudulent and inequitable conduct. Mr. Helfer's attorneys assisting with prosecution, including Gary Sorden and Kirby Drake, were aware that Mr. Helfer's

declaration included false statements, and submitted the declaration specifically intending to deceive the PTO so it would grant the petition to revive. The inequitable conduct commit in connection with the petition to revive infects the Asserted Patents, all of which claim priority to the '525 Application. Therefore, each of the Asserted Patents is unenforceable, and each purported cause of action therein alleged, is barred by inequitable conduct committed by Defendants and/or agents during revival of the '525 Application.

### SIXTH AFFIRMATIVE DEFENSE - LACK OF STANDING

Upon information and belief, SBIP lacks standing and authority to pursue infringement claims and equitable remedies against SimpliSafe under the Patents at Issue.

### SEVENTH AFFIRMATIVE DEFENSE - LIMITATION ON DAMAGES

SBIP's claims for damages are limited pursuant to 35 U.S.C. § 286, which prohibits recovery for activities committed more than six years before the filing of the Complaint. To the extent SBIP or its licensees have failed to comply with the marking requirement of 35 U.S.C. § 287(a), or otherwise give proper notice that SimpliSafe's actions allegedly infringed any claim of the Asserted Patents, SBIP's claims for damages are limited. SBIP is further barred under 35 U.S.C. § 288 from recovering costs associated with their action.

To the extent that SBIP accuses products or services that are or were provided by or for the government of the United States of America, there is no jurisdiction over such claims except against the United States in the U.S. Court of Federal Claims, pursuant to 28 U.S.C. § 1498(a).

### EIGHTH AFFIRMATIVE DEFENSE - LIMITATION ON DAMAGES

SBIP is not entitled to injunctive relief.

### NINTH AFFIRMATIVE DEFENSE - LIMITATION ON DAMAGES

SimpliSafe has not engaged in any conduct that would make this an exceptional case or that would entitle SBIP to an award of attorney's fees.

### TENTH AFFIRMATIVE DEFENSE - LIMITATION ON DAMAGES

SBIP is precluded from recovering enhanced damages under 35 U.S.C. § 284 at least because SimpliSafe has not engaged in any conduct that meets the applicable standard.

### ELEVENTH AFFIRMATIVE DEFENSE - INTERVENING RIGHTS

SBIP is barred from seeking relief for infringement of the Asserted Patents prior to PTO's June 2, 2022 decision on SBIP's petition to revive under the doctrines of equitable estoppel, waiver, prosecution laches, unclean hands, or intervening rights

### TWELFTH AFFIRMATIVE DEFENSE - RESERVATION OF REMAINING DEFENSES

SimpliSafe reserves the right to amend its Answer to add additional Affirmative Defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law and equity (including but not limited to unclean hands, patent misuse, and/or implied license) as they become known throughout the course of discovery in this case. Assertion of a defense is not a concession that SimpliSafe has the burden of proving the matter asserted.

### JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, SimpliSafe demands a trial by jury on all issues triable as such.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment in its favor against SBIP providing that:

A.   The Court dismiss the SBIP's counterclaims in their entirety and deny all relief sought by SBIP;

B. The Court enter judgment in favor of Plaintiff and provide the relief prayed for in its First Amended Complaint;

C. The Court award Plaintiff its attorneys' fees and costs;

D. Such other and further relief as is necessary and appropriate.

Dated: June 24, 2022

/s/ Kristina R. Cary
Kristina R. Cary (BBO # 688759)
KIRKLAND & ELLIS LLP
200 Clarendon Street
Boston, MA 02116
Telephone: (617) 385-7500
Fax: (617) 385-7501
kristina.cary@kirkland.com

Adam R. Alper (*pro hac vice*)
Akshay S. Deoras (*pro hac vice*)
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA 94104
Telephone: (415) 439-1400
Fax: (415) 439-1500
adam.alper@kirkland.com
akshay.deoras@kirkland.com

Michael W. De Vries (*pro hac vice*)
michael.devries@kirkland.com
KIRKLAND & ELLIS LLP
555 South Flower Street, Suite 3700
Los Angeles, CA, 90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

Leslie M. Schmidt (BBO # 672780)
leslie.schmidt@kirkland.com
KIRKLAND & ELLIS
601 Lexington Ave.
New York, NY 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

*Attorneys for Plaintiff SimpliSafe, Inc.*

**CERTIFICATE OF SERVICE**

I certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on June 24, 2022.

                                                            */s/ Kristina R. Cary*
                                                           Kristina R. Cary